329 So.2d 570

**CITY OF MOBILE, a Municipal Corporation**

**v.**

**PERSONNEL BOARD FOR MOBILE COUNTY, Alabama.**

**Clv. 669.**

Court of Civil Appeals of Alabama.

March 31, 1976.

Stephen R. Sheppard, Mobile, for appellant.

Mylan R. Engel, Mobile, for appellee.

BRADLEY, Judge.

This is an appeal from an order of the Circuit Court of Mobile County upholding a ruling of the Personnel Board for Mobile County, Alabama, appellee here.

A classified employee, serving as a bus driver for the City of Mobile Transportation Department, was dismissed by the City of Mobile, appellant here, on June 7, 1974. The employee appealed to the Personnel Board, and a hearing was held on August 26, 1974. Such hearings on appeal are de novo, and the Board may rescind, modify, alter or affirm the penalty imposed by the City, Rule 14.7 of the Personnel Board of Mobile County; *Jordan v. City of Mobile,* 260 Ala. 393, 71 So.2d 513. On September 5, 1974 the Personnel Board ordered the dismissal be modified to a suspension, with reinstatement of the employee as of September 16.

The City appealed the Personnel Board's decision to the Circuit Court of Mobile County. The case was submitted on the pleadings, briefs, and record developed before the Personnel Board. On April 18, 1975 the circuit court ruled, upholding the Personnel Board. This appeal is from the circuit court's ruling.

It has already been stated that the hearing on appeal to the Personnel Board shall be de novo. It is thus abundantly clear that the Board is the trier of fact in these proceedings, *Grant v. City of Mobile,* 50 Ala.App. 684, 282 So.2d 285, cert. den. 291 Ala. 458, 282 So.2d 291. The question for the circuit court to decide on review is whether or not the Personnel Board's findings are supported by substantial evidence, *Grant v. City of Mobile, supra.*

The record shows the following:

The employee was discharged for allegedly accepting fares from bus passengers and failing to deposit them in the fare box; and for smoking cigarettes while operating a city bus. Both acts are in violation of applicable regulations.

On June 3, 1974 at 3:20 p. m., Henry Owens and Etricia Mills, employees of McCullough Services, Inc., which was under contract with the City to audit its bus drivers, boarded the employee's bus at Dauphin and Water streets. Mills got on first and went to her seat about midway in the bus. Owens boarded behind her and started to put sixty cents in the fare box. According to Owens and Mills, the employee put his hand over the fare box, palm up, and took the sixty cents. They both stated that they did not see him put the money in the fare box. They also stated that during the time they were on the bus, they observed the employee smoking cigarettes.

Both these witnesses stated they also saw three young women board the bus at the same stop. They stated that the employee took the fare money from the women and that they did not see him put any money in the fare box. Both witnesses departed the bus at 3:31 p. m. that same day.

Witness Mills testified that she rode the employee's bus on June 4, 1974, boarding the bus at Dauphin and Water streets, and on this occasion she saw a passenger board the bus and give the employee some money. No money was placed in the fare box. She said she also observed the employee smoking while operating the bus.

On cross-examination Mills said that on June 3, 1974 she saw Owens give the employee some money but did not see what he did with the money. She also said that she did not know how much money Owens gave the employee, but said in her report that it was sixty cents because that was the exact amount of fare due.

She further stated that she did not see how much money the three women gave the employee when they boarded the bus.

She made the statement that on June 3, 1974 she observed other passengers get on

the bus and place their money in the fare box.

The superintendent of transportation for the City and the supervisor of the transportation department of the City of Mobile stated that all rules, regulations and directives for the behavior of bus drivers is contained in a packet that hangs on the bulletin board at the department's office and is available for all drivers to read.

The supervisor said that when the employee was hired by the predecessor company to the existing transportation line, he was given a rule book to read and that certain instructions were read to the students.

The employee testified that on June 3, 1974 Owens did give him sixty cents, as he boarded the bus. At this time the employee said he owed one passenger thirty cents and another passenger fifteen cents. After paying them he put the remaining fifteen cents in the fare box. As to the three young women who boarded the bus when Owens and Mills did, he took five cents from each and paid another female passenger fifteen cents that he owed her on transfers and that the three women then deposited one quarter each in the fare box.

The employee said that while Mills was on the bus a Mr. Burkes boarded the bus and wanted a transfer but had only a dollar bill. The employee told him to wait until they reached the end of the line and he could get change and pay the fare. This he did by going in a service station, getting change, coming back and depositing the correct change in the fare box. Mills had left the bus before Burkes deposited his money in the fare box.

The employee also testified that he did not receive a copy of the operator's rule book nor had he received any instruction to students while employed by the predecessor line. He said he was not aware that he was not supposed to make change or handle any of the fares, and stated that the other bus drivers did the same thing. He said that he made change because it was a help to his passengers.

A Mrs. Gloria Fleeton testified that she was on the bus on June 3, 1974 and observed the employee go to the back of the bus but did not see the exchange of coins.

Mr. Burkes testified that he boarded the bus on June 3 and had only a dollar bill and was unable to deposit the correct change in the fare box. He later left the bus, got his bill changed and put the correct fare in the box.

Based on this evidence, the Personnel Board found that there was not conclusive evidence that the employee had failed to place fares in the fare box, and that the charge had not been proven. The Board held that the employee's conduct did reflect a negligent or careless attitude toward regulations, justifying some disciplinary action. Thus the dismissal was modified to suspension.

■ After a careful examination of the entire record, we are convinced, as was the circuit court, that the Personnel Board's findings are supported by substantial evidence, and they should not be disturbed.

Appellant's brief argues that the Personnel Board's decision should have been overturned because the City's original determination to fire the employee was supported by substantial evidence. Under the de novo rule, it is the Personnel Board, as trier of fact, which makes an entirely original determination of the matter, not limited by the City's prior decision. It is then this ruling of the Personnel Board, not the prior one of the City, to which the circuit court applies the substantial evidence test. Such review was properly conducted in the instant case.

No reversible error having been argued, the judgment of the circuit court is affirmed.

AFFIRMED.

WRIGHT, P. J., and HOLMES, J., concur.