This is a garnishment proceeding.
On December 22, 1981, a consent judgment was entered in favor of E.L. McElroy and against Robinson Realty, Inc. (defendant) for $26,171.
McElroy instituted garnishment proceedings against Chambers Realty East, Inc. (Chambers) in an attempt to collect the judgment. Chambers's amended answer was that it was not indebted to the defendant but, instead, was indebted to Lester and Allyne Robinson (the Robinsons). The Robinsons' motion to quash garnishment was denied by the trial court on May 5, 1982. After an evidentiary nonjury trial as to who was entitled to $8,000 which Chambers *Page 743 
had paid into the circuit court pursuant to the May 5 order of the trial court, that court found in favor of McElroy and ordered the circuit clerk to pay the deposited money to him. The Robinsons appealed to this court.
The $8,000 represented Chambers's rent for a building for four months. In reality, the ultimate question for the trial court's decision was whether that rent was due to be paid by Chambers to the defendant or to the Robinsons.
Without objection, an instrument was introduced into evidence by McElroy which read in part as follows:
"CONTRACT AND LEASE AGREEMENT
 "The parties to this Agreement shall be CHAMBERS REALTY-EAST, INC. (hereinafter referred to as "Chambers") and ROBINSON REALTY, INC. (hereinafter referred to as "Robinson"), the said parties to the agreement agreeing as follows:
"WITNESSETH:
 "WHEREAS, Chambers is desirous of leasing a portion of a building located at 1573 Center Point Road, Birmingham, Jefferson County, Alabama, the same being owned by Robinson; and
 "WHEREAS, in addition to the Agreement to lease by Robinson to Chambers, the parties have certain other additional agreements which shall become a part of the said Lease Agreement; and
 "WHEREAS, both parties desire to reduce the same to a written Agreement in order to carry out the intents and purposes of each of the said parties;
 "NOW, THEREFORE, in consideration of the premises, and for other good and valuable consideration which shall be set forth hereinafter, the sufficiency of which is hereby acknowledged, the said parties do agree as follows:
 "1. That Robinson shall lease that portion referred to as `downstairs' of the Robinson Realty Building located at 1573 Center Point Road, Birmingham, Jefferson County, Alabama, to Chambers for the monthly sum of Two Thousand Dollars ($2,000.00) per month, commencing on December 1, 1981. Chambers also agrees to pay $883 to Robinson to lease said space from Nov. 11 til Dec.
 "2. That the Lease shall be for a term of three (3) years commencing December 1, 1981 and ending on November 30, 1984, provided, however, that Chambers shall have an option to renew the said Lease for a five (5) year term beginning December 1, 1984, the lease amount renegotiated shall not exceed 15%. There shall likewise be an option for an additional five year lease, terms and conditions to be negotiated in accordance with the market standards at such time.
 "3. This Lease shall further provide that all the improvements which may be necessary shall be payable by Chambers. . . .
 "4. Chambers may be entitled to sublease any portion of the said space for which it is responsible, and the same shall be subleased by Chambers without any further approval of Robinson.
 "5. All expenses such as janitorial, utilities and other normal maintenance of said space which is to be occupied by Chambers, shall be solely at the expense of Chambers and/or its tenants. . . .
". . . .
 "10. The parties agree to further execute any agreements which may be necessary to carry out the intent and purpose of this Memorandum Agreement between the two said corporations, and shall act in good faith during the purposed move by Chambers to the said location. It is agreed and understood that the approximate size of the space so leased shall be approximately three thousand (3,000) square feet in the downstairs portion of the said building.
 "11. The lease shall contain a provision which gives Chambers a `first right of refusal' to purchase the office building if and when the building is available for sale. *Page 744 
". . . .
 "This Agreement being executed the _____ day of November, 1981, by and between the said corporations through their presidents, as hereinafter shown.
ATTEST: CHAMBERS REALTY-EAST, INC.
/s/ Ronnie F. Vian BY: /s/ Steven E. Chambers
Secretary Steven E. Chambers, its President
ROBINSON REALTY, INC.
/s/ Ronnie F. Vian BY: /s/ Lester L. Robinson
Secretary Lester L. Robinson, its President"
Lester Robinson testified that he read and discussed that agreement in detail before he signed it as president of the defendant corporation.
On behalf of the Robinsons, there was evidence which was contra to those provisions in the November, 1981, document, such evidence being that the Robinsons and not the defendant were the owners of the rental property, that they had only leased it to the defendant and that the intent of the parties was that the rent from Chambers would be paid to them and not to the defendant. No deed, or other written evidence of title, was presented to the trial court. The Robinsons introduced as exhibit "B" a lease from them to Chambers dated May 5, 1982, but, by its terms, it purported to revert back to November, 1981. Lester Robinson testified:
 "Q And your intent was exercised by collecting that money and receiving it, wasn't it?
"A Yes sir.
"Q And you continued to do that?
"A Yes sir.
 "Q And then a garnishment was entered and the money stopped, didn't it?
"A Yes sir.
 "Q We had a little hearing out here on May 5, didn't we?
"A Yes sir.
 "Q And then we get a whole bunch of papers that comes in here then changing stuff, don't we?
"A Yes sir.
 "Q And you knew then that if you could get this changed over to Lester and Allyne as opposed to Robinson Realty, Inc., that you might could defeat Ed McElroy's judgment, didn't you?
"A Yes sir.
 "Q This lease has been introduced here as Plaintiff's (sic) Exhibit B between Lester L. Robinson and Allyne B. Robinson to Chambers Realty East, Inc., was in fact, dated on May 5, 1982, wasn't it?
"A Yes sir.
 "Q And that was the same day that Your Honor here and the Court denied your motion to quash the garnishment, wasn't it?
"A Yes sir, if that is what it says."
In short, the evidence conflicted. When a trial court hears the trial evidence, upon an appeal every presumption must be indulged in favor of the factual correctness of the trial court's judgment, whose findings will not be disturbed unless palpably wrong. Shepherd Realty Co., Inc. v. Winn-DixieMontgomery, Inc., 418 So.2d 871 (Ala. 1982). Here, the decision of the circuit court upon the merits of the pivotal question was not wrong. It was supported by credible evidence.
The Robinsons further contend that the circuit court erred, when the trial was about two-thirds completed, when the trial court opined that the November, 1981, instrument was determinative of the legal status of the parties and they contend that the court "refused to consider parol evidence to the contrary," the last argument being partially based upon the trial court's sustaining of objections to certain parol evidence.
From the judgment of the trial court, we cannot determine that its decision was based solely upon that November, 1981, agreement of the parties. Without question it was partially founded thereon. Neither can we say that the trial court refused to consider parol evidence. This was a non-jury trial and the weight to be given to any, and to all, of the evidence was a matter for *Page 745 
the trial court to determine. We find no abuse of discretion in that regard.
Approximately one-third of the pages of the court reporter's transcript of the evidence contains instances where parol evidence concerning the November, 1981, contract was allowed to be introduced. The Robinsons cite in their helpful briefs several occasions where the trial court did not permit certain parol evidence to be then introduced; however, evidence was subsequently allowed as to each of those matters. If there was error in sustaining objections to the introduction of such evidence, the adverse rulings were harmless and no injury resulted to the Robinsons on that account for it was established by other evidence. Rule 45, A.R.A.P.; Rule 61, A.R.Civ.P.; Ageev. Griffin, 389 So.2d 513 (Ala.Civ.App. 1980), cert. denied,389 So.2d 516 (Ala. 1980); 2B Ala. Digest, Appeal Error, Key No. 1057 (1). Additionally, valid grounds of objection were stated to some of the proposed evidence. The trial court did not arbitrarily refuse to consider parol evidence.
We affirm.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.