This is an employee dismissal case.
The employee appeals from an order of the Circuit Court of Mobile County granting defendant's motion to dismiss.
Appellant Clyde Averyt was notified on January 12, 1982, of his dismissal from the Mobile Fire Department. The dismissal was to be effective at 8:00 A.M., January 15, 1982. The dismissal resulted from a recommendation by F.J. Seelhorst, Fire Chief for the City of Mobile.
Averyt was dismissed under the authority of Rule 14.2 of the Personnel Board of Mobile County. Rule 14.2 provides, among other grounds, as reasons for dismissal "incapacity due to mental or physical disability" and "incompetency or inefficiency." The Personnel Board rules and regulations are promulgated under the authority of Act No. 470, Local Acts of Alabama 1939, which established a county-wide civil service system for Mobile County.
Appellant suffers from a general epileptic condition. His dismissal followed the *Page 1097 
occurrence of a grand mal (generalized) seizure.
The record indicates that on April 30, 1978, another fireman on duty at the fire station to which Averyt was assigned noticed that Averyt, who was napping in the next bunk, had suddenly become stiff, and that his arms and legs had started jerking severely, to the point where Averyt fell off the bunk and seemed to stop breathing. The fireman then cleared Averyt's mouth. Averyt resumed normal breathing and his eyes opened, but he had a glazed look as though he were in a coma. The rescue unit was called, and Averyt was subsequently hospitalized. In May 1978, while at home, Averyt suffered another seizure.
From the time of his seizure in April 1978 until his discharge in January 1982, Averyt was permitted to work as a fire-fighter, but was not allowed to drive. After submitting letters from two doctors that described the permanent nature of his disability, Averyt applied for a disability pension in September 1981. The request was denied because Averyt was neither injured in the course of duty nor employed for the necessary period (fifteen years) for pension benefits to vest.
After holding a pretermination hearing for Averyt on January 8, 1982, Chief Seelhorst recommended to the public safety commissioner that in view of Averyt's permanent disability and the resulting restrictions placed on his work, Averyt should be dismissed effective January 15, 1982. Averyt was then dismissed.
Averyt appealed his dismissal to the Mobile County Personnel Board. After holding a hearing in April 1982, the Board denied his appeal. Averyt appealed that decision to the Circuit Court of Mobile County, where it is presently pending.
On January 12, 1983, Averyt instituted another action in the Circuit Court of Mobile County. The two-count complaint alleged a violation of § 21-7-8, Code of Alabama 1975 and a failure to pay earned and accrued benefits. Named as defendants were the city commissioners, Chief Seelhorst, the City of Mobile, members of the Personnel Board individually, and the Board itself.
The defendants filed a motion to dismiss, alleging (1) failure to state a claim; (2) the running of the statute of limitations; (3) failure to exhaust administrative remedies; and (4) failure to join an indispensable party. The court, after initially granting the defendants' motion, later set it aside. Averyt then filed an amended complaint and a motion to consolidate the second action with his original appeal from the decision of the Personnel Board. The trial court then granted the defendants' motion to dismiss and denied Averyt's motion to consolidate. From that order Averyt appeals.
Averyt argues on appeal that the trial court erred in (1) dismissing the second action as barred by the running of the statute of limitations, (2) dismissing the action for failure to exhaust administrative remedies, (3) dismissing the complaint for failure to join an indispensable party, and (4) in denying Averyt's motion to consolidate.
Section 22 of Act No. 470, Local Acts of Alabama 1939, contains a provision enabling a terminated civil service employee to appeal to and request a hearing before the Mobile County Personnel Board. Such hearings on appeal are de novo, and the Board may rescind, modify, alter or affirm the penalty imposed by the City. Rule 14.7 of the Personnel Board of Mobile County; City of Mobile v. Personnel Board for Mobile County,57 Ala. App. 516, 329 So.2d 570 (1976). Rule 14.7 has been upheld by the supreme court. See Jordan v. City of Mobile, 260 Ala. 393, 71 So.2d 513 (1954). Since Rule 14.7 states that the hearing on appeal shall be de novo, it is abundantly clear that the Board is the trier of fact in these proceedings. City ofMobile v. Personnel Board for Mobile County, supra. If the dismissed employee is not satisfied with the outcome of the hearing before the Board, § 34 of Act No. 470, Local Acts of Alabama 1939, provides for an appeal to the circuit court.Grant v. *Page 1098 City of Mobile, 50 Ala. App. 684, 282 So.2d 285 (1973).
Under these circumstances, the standard of review by the circuit court is, in effect, that of certiorari, and on such a review the circuit court is limited to a review of the record made before the Board and the questions of law presented thereby. Ex parte City of Tuskegee, 447 So.2d 713 (Ala. 1984);Grant v. City of Mobile, supra. The circuit court should not offer a trial de novo on the merits of an employee dismissal case, where the employee is already seeking redress through the statutorily mandated process and the procedures adopted pursuant to that process. If it did, the circuit court would assume a jurisdiction it did not possess. Ex parte City ofTuskegee, supra.
Appellant contends on appeal that the second action filed with the trial court is of a different nature than the appeal being pursued through the administrative process, in that it alleges a violation of § 21-7-8, Code of Alabama 1975, which is an independent cause of action based upon constitutional questions which cannot be adequately adjudicated through the administrative process, and which is not limited to review by the Personnel Board. § 21-7-8 reads as follows:
 "Employment by state, political subdivisions of state, public schools, etc.
 "It is the policy of this state that the blind, the visually handicapped and the otherwise physically disabled shall be employed in the state service, the service of the political subdivisions of the state, in public schools and in all other employment supported in whole or in part by public funds on the same terms and conditions as the able-bodied, unless it is shown that the particular disability prevents the performance of the work involved."
We have stated that the Board is the trier of fact in these situations. City of Mobile v. Personnel Board for MobileCounty, supra. The appealing employee is entitled to have assistance of counsel and present witnesses. The Board may rescind, modify, alter or affirm the penalty imposed by the City. City of Mobile, supra. The hearing is de novo. City ofMobile, supra. Precisely the same facts and issues were, or could have been, examined at the Personnel Board hearing as if in a court of law, including whether the nature of Averyt's disability was such that it "prevented the performance of the work involved."
Appellant argues that there are perhaps constitutional issues such as equal protection rights and arbitrariness which may be raised and which are of such nature as to be properly presented only in a court of law. We know of no restriction upon the pleading of such issues in administrative hearings, especially at the required de novo hearing before the Personnel Board. If presented before the Board, such issues will be reviewed by certiorari in the circuit court and if necessary in this court.
Additionally, the remedies which are available to the appealing employee are reinstatement and back pay. § 22, Act No. 470, Local Acts of Alabama 1939. These are the same types of remedies, compensatory in nature, which are available to an employee in a wrongful dismissal action in Alabama. Ala. Law of Damages, § 21-1 (1982). Furthermore, in Bush v. Lucas,462 U.S. 367, 103 S.Ct. 2404, 76 L.Ed.2d 648 (1983), where a dismissed civil service employee sought a judicial damages remedy outside of the administrative process for first amendment violations by superiors, the United States Supreme Court has held that because the employee's claims arose out of an employment relationship that was governed by comprehensive procedural and substantive remedies, it would be inappropriate for the Court to supplement that regulatory scheme with a new non-statutory damages remedy. The Court felt that the question was "not what remedy the court should provide for a wrong that would otherwise go unredressed," but rather, "whether an elaborate remedial system that has been constructed step by step, with careful attention to conflicting policy considerations, should be augmented by the *Page 1099 
creation of a new judicial remedy for the constitutional violation at issue." Bush v. Lucas, supra.
In light of the above, we hold that the administrative process is the appropriate forum in which to seek redress in Averyt's case. Having done so, we need not address the other issues raised on appeal, other than to note that the decision whether to grant or deny a motion for consolidation is one which is in the sound discretion of the trial judge and will not be reversed in the absence of a gross abuse of that discretion. Russell v. Crenshaw, 283 Ala. 59, 214 So.2d 333
(1968).
The order of the circuit court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.