This is an employee dismissal case.
The employee, Clyde Averyt, appeals from an order of the Circuit Court of Mobile County affirming his dismissal by the Mobile County Personnel Board (Board).
Averyt was employed as a firefighter with the City of Mobile Fire Department (Department). On April 30, 1978 Averyt suffered a grand mal (generalized) seizure while on duty. Following the seizure Averyt was permitted to work as a firefighter but was not permitted to drive a firetruck. After receiving letters from doctors describing the permanent nature of Averyt's disability, Chief Seelhorst of the Department recommended that Averyt be dismissed effective January 15, 1982. Averyt was then dismissed pursuant to rule 14.2 of the Rules of the Personnel Board of Mobile County for "incapacity due to mental or physical disability" and "incompetency or inefficiency" due to the disability.
Averyt appealed his dismissal to the Board. After holding a de novo hearing on *Page 910 
April 29, 1982 pursuant to Local Acts 1939 Alabama Acts 470, Section 34, the Board affirmed Averyt's dismissal.
Averyt appealed the Board's decision to the Circuit Court of Mobile County on May 10, 1982. On March 9, 1983 the Department and the Board filed a motion to determine issues on appeal to the circuit court. The motion was granted on March 28, 1983 and the issues on appeal were determined to be as follows:
 "1. Are the findings of fact by the Personnel Board of Mobile County, Alabama, on the evidence adduced before it, supported by substantial evidence?
 "2. Have all interested parties had notice of the hearing before the Personnel Board and were they afforded an opportunity to be heard?
 "3. Does it appear from the transcript that the evidence was taken after such notice and opportunity to be heard?
 "4. Is the order appealed from lawful within the meaning of Act No. 470, 1939 Local Acts of Alabama, page 298?
 "5. Is the order of the Personnel Board appealed from reasonable within the meaning of Act No. 470, 1939 Local Acts of Alabama, page 298?"
On December 6, 1984 Averyt filed a motion to amend issues for review on appeal to include various allegations of violations of his constitutional rights and for an evidentiary hearing thereon. In the alternative, Averyt requested that the court refer the case back to the Board for an evidentiary hearing on the constitutional issues presented. The court denied Averyt's motion, although it did allow Averyt to make a showing of what he expected to prove concerning the alleged constitutional violations. Averyt filed a notice of appeal to this court on March 14, 1985.
On appeal Averyt argues (1) that the circuit court erred in refusing to conduct an evidentiary hearing on the constitutional issues or, in the alternative, in refusing to order the cause remanded to the Board for a full hearing on the constitutional issues, and (2) that the Board's order dismissing Averyt was not supported by substantial evidence.
Under rule 14.7 the hearing on appeal before the Board is de novo, and the Board is the trier of fact in these proceedings.City of Mobile v. Personnel Board for Mobile County,57 Ala. App. 516, 329 So.2d 570 (Ala.Civ.App. 1976). An employee dissatisfied with the Board's order may appeal to the circuit court. See Local Acts of Alabama 1939, Act No. 470, Section 34.
The standard of review in the circuit court is in effect that of certiorari, and is limited to a review of the record made before the Board and the legal questions presented thereby.City of Mobile v. Seals, 471 So.2d 431 (Ala.Civ.App. 1985). The court "may not entertain a trial de novo of the issues before the Board or of new issues." City of Mobile v. Seals, supra.
Averyt concedes that he did not present the constitutional issues before the Board. However, he asserts that he failed to do so because the Board limited the testimony at the hearing to consideration of the reasons given by the appointing authority for Averyt's dismissal and because the Board's policy was to not consider constitutional issues. He further contends that he failed to present the constitutional issues to the Board because he did not discover evidence of violation of his constitutional rights until after the Board's decision.
The circuit court affirmed the Board's order based on its examination of the record made before the Board. There is nothing in the record made before the Board to show that it was the Board's policy to not consider constitutional issues. Nor does the record show that the Board would have refused to consider testimony other than that related to reasons given by the appointing authority for Averyt's dismissal. The only issue presented before the Board, however, was whether Averyt was capable of carrying out the duties of a firefighter.
The circuit court properly confined itself to a review of the issues designated *Page 911 
on appeal and examined only the external validity of the proceeding before the Board. See Guthrie v. Civil ServiceBoard, 342 So.2d 372 (Ala.Civ.App. 1977). See also, Local Acts of Alabama 1939, Act No. 470, section 34. Had the court reviewed the constitutional issues raised outside the record, it would have exceeded its jurisdiction.
We note that Averyt instituted a separate action in the Mobile Circuit Court on January 12, 1983, alleging among other things that his dismissal constituted a violation of his constitutional rights. The circuit court dismissed Averyt's action. We affirmed the circuit court in Averyt v. Doyle,456 So.2d 1096 (Ala.Civ.App. 1984), holding that Averyt should have sought redress for his claim in the first instance before the Board and not in the circuit court.
After Averyt's separate action was dismissed, he sought to amend the issues on appeal in the present case, almost two years after appealing the Board's decision to the circuit court. There is nothing in the record to indicate why Averyt delayed in bringing the constitutional issues to the attention of the Board, other than his assertion that he did not have enough time before the Board hearing to uncover evidence of his constitutional claims. Nor is there anything in the record to show when Averyt actually discovered this "new evidence." We conclude, therefore, that Averyt failed to show that he could not have discovered this evidence earlier through the exercise of due diligence. Averyt also failed to show such extraordinary circumstances as would warrant setting aside the Board's judgment. Pace v. Jordan, 348 So.2d 1061 (Ala.Civ.App. 1977).
Given the above, we conclude that the circuit court did not err in refusing to conduct an evidentiary hearing on the constitutional issues, or, in the alternative, in refusing to order the cause remanded to the Board for a full hearing on the constitutional issues.
We now consider Averyt's contention that the Board's order dismissing him was not suppported by substantial evidence.
The circuit court must affirm the Board's order if such order is supported by substantial evidence. See, e.g., Grant v. Cityof Mobile, 50 Ala. App. 684, 282 So.2d 285, cert. denied,291 Ala. 458, 282 So.2d 291 (1973). Our review is limited to a review of the record before the Board and we look only to see if its findings are supported by substantial evidence. Loweryv. City of Mobile Police Department, 448 So.2d 388
(Ala.Civ.App. 1984).
The record reveals the following.
Averyt suffered a grand mal seizure on April 30, 1979. He applied for a disability pension in September 1981 and in support of his application submitted letters from Dr. McLaughlin, who has a family practice in Mobile, and Dr. Bonikowski, who is employed in the neurology department at the University of Alabama in Birmingham. Dr. McLaughlin stated in his letter that Averyt's seizure disorder totally and permanently disabled Averyt from serving as a firefighter. Dr. Bonikowski noted in his letter that the Department had placed certain restrictions on Averyt's duties as a firefighter. He then concluded that the occurrence of Averyt's seizure was a permanent disability and that the restrictions placed upon his work by the Department could not be expected to change.
Chief Seelhorst stated at the hearing that based on these letters he recommended that Averyt be dismissed on the ground of incapacity due to physical disability. Seelhorst expressed concern for the safety of other firemen, as well as the public, if Averyt were allowed to remain with the Department.
Dr. White, professor of neuroscience at the University of South Alabama, testified that he felt that Averyt could perform his duties as a firefighter and not endanger others. He further stated that Averyt would probably have to remain on medication for the rest of his life in order to control his seizures. *Page 912 
Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NationalLabor Relations Board, 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126
(1938) (quoted in Ex parte Morris, 263 Ala. 664, 83 So.2d 717
(1955)).
The evidence above was conflicting as to whether Averyt was physically disabled from carrying out his duties as a firefighter. The Board resolved this conflict against Averyt. Its findings are entitled to the same weight as is accorded to the findings of a jury. Edmondson v. Tuscaloosa County,48 Ala. App. 372, 265 So.2d 154 (Ala.Civ.App. 1972). We conclude that there was a rational basis for the Board's conclusion that Averyt was physically disabled from performing his duties as a fireman. We affirm the circuit court's judgment holding that there was substantial evidence to support the Board's decision to dismiss Averyt.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.