INGRAM, Judge.
This case involves the termination of an employee from the service of the Birmingham Police Department. Tommy Rouse (employee) was dismissed from his position of police captain and thereafter requested a public hearing before the Personnel Board (Board) of Jefferson County. After conducting a trial de novo on the charges brought against the employee, the Board rendered a decision and opinion sustaining the dismissal.
Pursuant to the Board’s enabling act, the employee appealed to a three-judge panel of the circuit court. After considering oral arguments, transcripts of the testimony, and memorandum briefs, the circuit court affirmed the decision of the Board. The employee now comes by writ of certiorari to this court. Ex parte Personnel Board of Jefferson County, 440 So.2d 1106 (Ala.Civ.App.1983).
The dispositive issue is whether there is any legal evidence to support the Board’s decision.
The facts, in pertinent part, reveal that: The employee was charged with violation of the Jefferson County Personnel Board Rules and violation of the Birmingham Police Department Rules and Regulations. These violations were (a) conduct unbecoming an employee in the public service; (b) abuse of sick leave or feigning an illness; and (c) other reasons deemed in the best interest of the police department.
The events leading up to the above charges arose out of the following incidents. On September 3, 1986, the employee was involved in an automobile accident while on duty as a police captain and was *168 taken to the hospital. The examining physician placed the employee on light duty and released him to return to work. On the day after this accident, however, the employee placed himself on injury with pay (IWP) status without notifying a superior officer. On September 9,1986, the employee consulted Dr. Powell and was told he could go to work, but with certain restrictions. However, the record indicates that the employee then played several games of softball. Afterwards, he complained to his superior officer that he was having back problems and requested time off (September 11-12) to see a doctor. The record indicates, however, that the employee did not see a doctor at that time but instead played several more softball games. At the conclusion of the softball tournament, the employee again placed himself on IWP without notifying and receiving approval from a superior officer.
As noted above, the employee was terminated from his position as a captain on the police force, and this determination was upheld by the Board and the circuit court. We note that review here is limited to a consideration of the proper application of the law involved and whether the ruling of the Board is supported by any legal evidence. If so, the judgment must be affirmed. City of Birmingham v. Personnel Board, 467 So.2d 965 (Ala.Civ.App.1985). The determination of the weight and credibility of the evidence presented is solely within the province of the Board. Ex parte Personnel Board of Jefferson County, supra. This narrow scope of appellate review is in keeping with the general principles underlying certain important doctrines in administrative law which come into play when judicial review of administrative actions is involved. Ex parte Personnel Board, supra.
“When the legislature delegates a discretionary function to an agency to be exercised in light of the agency’s special competency, a court frustrates legislative intent and usurps that discretionary role by stepping in when the agency’s choice is not clearly unreasonable or arbitrary.”
Ex parte Personnel Board, supra, at 1109.
After applying this general proposition to the case at bar and in view of the evidence presented, we find that there was legal evidence to support the Board’s findings. The record contains medical testimony that the employee suffered from no significant injury to prevent him from returning to light duty. There was also testimony that playing softball was not a recommended activity and that it would be inconsistent with his diagnosis.
We note that there was conflicting medical evidence, but as noted above, weight and credibility is solely within the province of the Board. Ex parte Personnel Board, supra. It is unimportant that we may have reached a different result. The Board obviously found that the employee could have returned to duty and that he did not do so and displayed conduct unbecoming an employee in public service and feigned illness or injury. After a careful consideration of the record and the authorities deemed controlling, we believe the circuit court was correct in affirming the Board’s decision.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and HOLMES, J., concur.