This is an appeal from a judgment sustaining the ruling of the Mobile County Personnel Board (Personnel) upon review of that ruling by common law certiorari in the Circuit Court of Mobile County.
This matter arose when the Board of Water and Sewer Commissioners of the City of Mobile (Board) dismissed an employee for attempted theft of Board property following a pre-disciplinary hearing. The employee thereafter filed a notice of appeal. Personnel heard the evidence de novo and found the dismissal punishment to be too harsh. Personnel determined that the evidence was insufficient to prove attempted theft, but that the employee's conduct in removing the tools from the premises was unbecoming. Personnel thereafter modified and altered the dismissal to a suspension from active duty without pay and other emoluments of employment from the effective date of the dismissal on December 22, 1988, through March 22, 1989, with the employee to be fully restored to active duty thereafter.
The Board thereafter appealed the decision of Personnel to the trial court, which affirmed Personnel's decision. The Board filed a motion for reconsideration and a motion to introduce additional evidence, both of which were denied; hence, this appeal.
The Board first asserts that Personnel did not have the authority to order the employee reinstated and to impose a lesser punishment.
We disagree. Unlike matters brought before the State Personnel Board, this action arises under Act No. 470, Local Acts of Alabama, 1939, which provides for a hearing de novo on appeal to Personnel, after which Personnel may "rescind, modify, alter, or affirm the penalty imposed by the City, [see] Rule 14.7 of the Personnel Board of Mobile County"; City ofMobile v. Personnel Board for Mobile County, 57 Ala. App. 516,517, 329 So.2d 570 (Ala.Civ.App. 1976). This is much broader than the authority of the State Personnel Board, which, upon review and after hearing, if necessary, determines only whether the reasons stated for dismissal are sustained by the evidence presented and may order reinstatement only if the charges are proven "unwarranted." Hilyer v. Blackwell, 377 So.2d 1090
(Ala.Civ.App. 1979). Accordingly, Personnel was the trier of fact below. City of Mobile v. Personnel Board for Mobile County,supra.
The standard of review by the trial court, therefore, is, in effect, that of certiorari, and, also, in its review it is limited to a review of the record made before Personnel and the questions of law presented thereto. Ex parte City of Tuskegee,447 So.2d 713 (Ala. 1984). Upon this limited review, the trial court must affirm the judgment of Personnel if there is any substantial or legal evidence to support its finding. Averyt v.Doyle, 456 So.2d 1096 (Ala.Civ.App. 1984); Eagle Motor Lines,Inc. v. Alabama Public Service Commission, 343 So.2d 767 (Ala. 1977).
The evidence revealed that Michael Smith, a classified employee of the Board, returned to the Board's facility, after hours, ostensibly to "borrow" some tools to use on a personal job. Later that evening, he returned to the facility, allegedly bringing back the borrowed tools. Upon making his rounds about 11:00 P.M., a security *Page 523 
guard discovered Smith behind a building and observed a roll of copper tubing hanging on the back fence of the facility. The guard alleged that Smith initially denied any wrongdoing, but later admitted that it was wrong to attempt to steal the tubing. Smith asked that the guard not report him. Smith denies ever admitting to an attempted theft, and admits only that he borrowed Board tools to do personal work, which was against Board policy. While there were glaring inconsistencies in the evidence, those inconsistencies were for Personnel to resolve, and not the trial court. Personnel found that there was insufficient evidence to involve Smith in an attempted theft, but did find him guilty of violating the Board policy concerning borrowing Board tools for personal business. Under its limited standard of review, it was not up to the trial court to judge the wisdom of the decision of Personnel.Averyt v. Doyle, supra; Grant v. City of Mobile, 50 Ala. App. 684, 282 So.2d 285 (Ala.Civ.App. 1973), cert. denied,291 Ala. 458, 282 So.2d 291 (1973).
The Board next contends that it was not allowed to introduce evidence of Smith's past record; yet the record reflects that on cross-examination, the Board questioned Smith about a prior suspension, which he admitted, and that, without objection, the evidence came in. Adverse rulings are harmless, and no injury results, when the same facts are established by other evidence.Robinson v. McElroy, 435 So.2d 742 (Ala.Civ.App. 1983); Ageev. Griffin, 389 So.2d 513 (Ala.Civ.App. 1980), cert. denied,389 So.2d 516 (1980).
Last, the Board complains that the trial court erred in awarding the employee back pay while this case was on appeal to the circuit court and during which time the employee apparently was not allowed to work. If Smith was wrongfully prevented from working after the period of suspension, Alabama law is clear that he is entitled to recover full back pay without any deduction of other compensation earned. City of Mobile v.Mitchell, 294 Ala. 474, 318 So.2d 708 (1975).
Accordingly, based upon the above, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.