The Personnel Board of Jefferson County (Board) petitions for a writ of certiorari to review a decision rendered by a three-judge panel of the Jefferson Circuit Court in an employment termination case. See Ex parte Smith, 394 So.2d 45
(Ala.Civ.App. 1981).
Geraldine Whitlow (employee) was dismissed from her job as a radio dispatcher for the Birmingham Police Department; thereafter, she requested a hearing before the Board. Following that hearing, the Board sustained the dismissal.
The employee appealed the Board's decision to a three-judge panel of the circuit court. 1977 Ala. Acts, No. 684 (Reg.Session), § 9. The three-judge panel concluded "that there is not substantial evidence to support the Board's decision." It reversed the Board's decision and remanded the cause to the Board. The Board seeks review of that *Page 594 
decision by writ of certiorari to this court. See Ex partePersonnel Board of Jefferson County, Alabama, 440 So.2d 1106
(Ala.Civ.App. 1983).
The dispositive issue is whether there was substantial evidence to support the Board's decision.
At the outset, we note that the Board's decision must be affirmed if substantial evidence supports it. City ofBirmingham v. Personnel Board of Jefferson County,464 So.2d 100 (Ala.Civ.App. 1984). Both the trial panel and this court are bound by the same substantial evidence standard of review.City of Birmingham, supra. Substantial evidence is relevant evidence that a reasonable mind would view as sufficient to support the determination. Ex parte Morris, 263 Ala. 664,83 So.2d 717 (1955).
The employee had been employed by the City of Birmingham approximately 10 years. In April 1989, she suffered an injury to her back that required surgery. She was initially hospitalized from June 25 to July 6, 1989, for purposes of a laminectomy operation. Subsequently, she was hospitalized for two short periods in September and December 1989, for the purpose of administering "nerve blocks." She returned to regularly-scheduled work from the end of October until November 15, 1989. Her doctor then ordered her not to work.
The charges against her are for misconduct while on approved medical leave. More particularly, the Board charges the employee with "[c]onduct unbecoming an employee in public service" and "[f]or any other reason deemed to be in the best interest of the public service and not inconsistent with the intent of the Civil Service law or the rules and regulations arising therein." The Birmingham Police Department charged her with "[f]eigning illness or injury" and "[a]ny other act or omission contrary to good order and discipline, or consisting [of] a violation of any of the Rules and Regulations of the Department, or of any Department Order." The factual allegations supporting these charges were stated as follows: "That between September 15, and September 22, 1989, while off on Injury with Pay Status, you were employed by Directory Distributing Associates, Inc. delivering Yellow Pages Telephone Books."
During the month of September 1989, the employee applied for a job delivering telephone directories, a job she had previously performed. She signed a contract with Directory Distributing Associates, Inc., to deliver the directories over two delivery routes. These directories were thereafter delivered over a period of five days at various times each day. Several hundred directories were delivered by virtue of her contract. The employee testified that her nephew obtained the directories from the company; that her children, ages 17, 14, and 10, physically delivered the directories for her, and, that her son missed one day of school to deliver the directories. School records introduced did not reflect that the son was absent on the day she claimed. Two area residents testified regarding the delivery of their directories by an adult black female. Although neither witness could positively identify the employee as the person who delivered their directories, each testified that the delivery was not made by a teenager or a child, but was made by a mature woman, whom one witness described as approximately 30 years old and of medium build. The employee testified that she was six feet tall and weighed 250 pounds. She denied delivering the directories to the witnesses.
It is undisputed that the employee was injured, and that her doctor ordered her to be on leave from her regular job. Although there was no medical testimony concerning the extent of her injury, the employee testified regarding her medical treatment and condition, and her testimony was not contested. In objecting to the introduction of medical records, the city's attorney agreed that the employee was injured on the job; however, there was no testimony, other than that of the employee, as to the extent of the injury or her ability to return to work. Thus, no evidence was presented from which the trier of facts could conclude that the employee was feigning injury. The Board's reliance on Rouse v. City of Birmingham,535 So.2d 167 (Ala.Civ.App. 1988), is misplaced. This court, in Rouse, specifically noted the medical testimony *Page 595 
that the employee suffered from no significant injury to prevent him from returning to light duty, and noted the testimony that his actions while on leave were inconsistent with his diagnosis. No such evidence was presented in the instant case.
Apparently the Board seeks to prove that using her children to help deliver the directories was an act unbecoming an employee. While this action may have violated her contract with Directory Distributing Associates, Inc., the only factual allegations contained in the notice to the employee were that while she was on injury-with-pay status, she was employed outside her regular job, which was against her employer's policy. Moreover, the employee was never charged with any such infraction, and the gravamen of the employment action centers around the employee's ability or inability to work during this period.
Based on the foregoing, we conclude that there was not substantial evidence to support the Board's ruling. Accordingly, the judgment of the circuit court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES, J., concur.