CRAWLEY, Presiding Judge.
Andrea Lawson was employed by the Shelby County Sheriffs Office as a correctional officer. During her shift on February 25, 2005, Lawson was assigned to work in central control, which required her to monitor the cell blocks and other areas in the Shelby County jail via closed-circuit television and an intercom system. Lawson knew that two of her superior officers, Sergeant Keith English and Lieutenant Anderson were in the “Pod B” control room. When she saw the two officers on the television monitor, she depressed the necessary buttons on the control panel of the intercom system to allow her to hear their conversation, part of which involved Sgt. English’s commenting on her performance. Lawson reported her activities to Sheriff Chris Curry and Chief Deputy John Samaniego; she also lodged a complaint against Sgt. English at that time based on her allegation that he had discriminated against female correctional officers.
Sheriff Curry appointed Captain Mikul Smitherman to conduct an investigation of the allegations made by Lawson; Investigator Marty Bailey of the Internal Affairs Division assisted in the investigation. After the investigation was conducted, the complaint against Sgt. English was determined to be unfounded. Based on Lawson’s admission that she had used the jail *160 intercom system to eavesdrop on her superior officers, which violated not only internal regulations of the sheriffs office but also state law prohibiting eavesdropping, see Ala.Code 1975, § 13A-11-31,[1] Chief Deputy Samaniego recommended to Sheriff Curry that Lawson be dismissed. Sheriff Curry then dismissed Lawson.
Lawson appealed the termination of her employment to the Shelby County Law Enforcement Personnel Board (“LEPB”), which, after a hearing, rescinded the termination, reinstated Lawson subject to a 60-day suspension, and imposed an additional 5-day suspension based upon what it found to be statements made by Lawson at the hearing that contradicted the statements she had made during the internal investigation. In its order, the LEPB specifically found that Lawson had committed criminal eavesdropping. Sheriff Curry sought a rehearing with the LEPB, which upheld its order. He then appealed the LEPB’s decision to the circuit court, which reversed the decision of the LEPB and reinstated the termination. Lawson appeals that decision to this court.
The LEPB was created by Act 79-524, Ala. Acts 1979 (“the Act”), and it is governed by that Act, as amended. A dismissed, demoted, or suspended employee may appeal the disciplinary action to the LEPB. LEPB Rules and Regulations § 10.06. The LEPB is required to hold a hearing within 30 days of the employee’s notice of appeal and is to determine “whether or not the employee, by reason of his act or acts as charged and his record of service, merits retention in the service or should be dismissed or otherwise disciplined. ...” LEPB Rules and Regulations § 10.07(a) The Act itself permits the LEPB to “order [a dismissed employee] reinstated with back pay ..., or take or approve such disciplinary action as, in [its] judgment, is warranted by the evidence and under the law.” Act No. 79-524, § 16(b). Likewise, the LEPB’s regulations permit the LEPB to “rescind, modify, or increase the penalty imposed by the appointing authority as warranted by the facts at the hearing.” LEPB Rules and Regulations § 10.07(d). Any party aggrieved by the decision of the LEPB may seek review of the decision in the circuit court. LEPB Rules and Regulations § 10.07(f). The LEPB’s regulations further state that the circuit court is to “review questions of law and the question of whether or not the decision or order of the [LEPB] is supported by the substantial and legal evidence.” LEPB Rules and Regulations § 10.07(f).
The Sheriffs Office argues that the circuit court properly examined the LEPB’s order and determined, correctly, it says, that the order, and more specifically the LEPB’s reduction of the penalty imposed by the sheriff, was not supported by substantial evidence. Lawson disagrees with the Sheriffs Office, arguing instead that the circuit court was only permitted to determine whether, in setting an appropriate punishment, the LEPB acted within the applicable law. We agree with Lawson.
As noted above, the LEPB is required to hold a hearing at which it is to take evidence and determine, based on that evidence, whether the penalty imposed by the appointing authority should be “affirm[ed], rescind[ed], modified], or increas[ed].” *161 LEPB Rules and Regulations § 10.07(d). In a similar case, we have held that such language in a personnel board’s regulations gave it the authority to order reinstatement of a dismissed employee and to impose a lesser punishment than that imposed by the appointing authority. Board of Water & Sewer Comm’rs of Mobile v. Smith, 591 So.2d 521, 522 (Ala.Civ.App.1991).
Judicial review of administrative decisions like those of the LEPB is generally governed by the enabling act that created the particular administrative body or by the regulations governing the particular administrative body. See, generally, Ex parte Smith, 394 So.2d 45, 48 (Ala.Civ.App.1981). Typically, the standard of review of administrative decisions requires that the circuit court uphold the administrative decision if it is supported by substantial and legal evidence. Ex parte Personnel Bd. of Jefferson County, 648 So.2d 593, 594 (Ala.Civ.App.1994), Board of Water & Sewer Comm’rs, 591 So.2d at 522, and Ex parte Smith, 394 So.2d at 47; see also LEPB Rules and Regulations § 10.07(f). This court has defined “substantial evidence” in the context of an administrative appeal as “relevant evidence that a reasonable mind would view as sufficient to support the determination.” Ex parte Personnel Bd. of Jefferson County, 648 So.2d at 594. When a circuit court’s judgment affirming or reversing the decision of an administrative body is appealed to this court, we apply the same standard of review to the administrative decision as was applied by the circuit court. Ex parte Personnel Bd. of Jefferson County, 648 So.2d at 594; see also City of Mobile v. Personnel Bd. for Mobile County, 57 Ala.App. 516, 518, 329 So.2d 570, 573 (Civ.1976) (noting that the circuit court and the appellate court are to apply the substantial-evidence test to the administrative body’s decision, not to the decision of the appointing authority).
The LEPB found, based on the evidence presented to it at the hearing on Lawson’s dismissal, that Lawson had violated the criminal-eavesdropping statute. It also found that she made statements at the hearing that contradicted statements she had made during the internal investigation. Lawson testified at the hearing before the LEPB that she used the intercom system to listen for activity in Pod B because she knew that Lt. Anderson had gone to Pod B some time earlier and had not yet returned. Thus, Lawson’s testimony suggested that she did not intend to eavesdrop on Sgt. English and Lt. Anderson’s conversation but instead happened upon it while performing her typical duties of monitoring the jail. However, after further questioning, Lawson admitted that she had stated in her interview during the internal investigation that she had first seen Sgt. English and Lt. Anderson together in the Pod B control room on the television monitor and then had purposefully decided, because she had heard that Sgt. English had been making disparaging remarks about her, to listen to their conversation. Other evidence adduced at the hearing established that Lawson was a good employee who met or exceeded expectations and that she had been selected to train other employees. Based on the evidence adduced at the hearing, the LEPB ordered that Lawson be reinstated, that she be punished by a two-month suspension, and that she serve an additional five-day suspension for her contradictory testimony before the LEPB.
Despite the arguments to the contrary by both parties, the LEPB’s findings are supported by substantial evidence and its order imposing a lesser penalty is due to be reinstated. The hearing revealed that Lawson had intentionally eavesdropped on her superiors via the jail’s *162 intercom system, so the finding that Lawson violated the criminal-eavesdropping statute is well supported by the evidence. However, other evidence at the hearing established that Lawson had otherwise met or exceeded all expectations as an employee. The LEPB was invested with the authority to consider, based on the evidence concerning Lawson’s activities, the seriousness of the charged acts, and Lawson’s service record, whether, and to what extent, Lawson should be disciplined. Therefore, the LEPB’s decision to rescind Lawson’s dismissal and to instead impose a 60-day suspension for her improper activities is supported by a consideration of the acts she committed and her otherwise unblemished service record. As we have stated before, “[u]nder its limited standard of review, it was not up to the trial court to judge the wisdom of the decision of [the LEPB].” Board of Water & Sewer Comm’rs, 591 So.2d at 523. Because the circuit court did judge the wisdom of the LEPB’s decision when that decision was supported by substantial and legal evidence, we must reverse the circuit court’s judgment and remand the cause for the reinstatement of the order of the LEPB.
REVERSED AND REMANDED WITH INSTRUCTIONS.
PITTMAN, J., concurs.
MURDOCK, J., concurs specially, with writing.
THOMPSON, J., concurs in the result, with writing.
BRYAN, J., concurs in the result, without writing.

. Section 13A-11-31 reads:
“(a) A person commits the crime of criminal eavesdropping if he intentionally uses any device to eavesdrop, whether or not he is present at the time.
"(b) Criminal eavesdropping is a Class A misdemeanor.”