This is an employee demotion and suspension case.
Two Birmingham police officers, Lieutenant B.R. Stephens (Stephens) and Sergeant T.W. McDonald (McDonald), were demoted in rank to patrolmen and suspended for thirty days without pay. McDonald and Stephens jointly appealed their suspensions and demotions to the Jefferson County Personnel Board. The Board rescinded McDonald's and Stephens's dismissals and ordered them reinstated to their former positions with back pay. The City of Birmingham (the City) appealed the Board's decision to the Jefferson County Circuit Court. A three-judge panel, as provided by the Enabling Act, Act No. 248, Acts of Alabama 1945, as amended by Act No. 562, Acts of Alabama 1947; Act No. 670, Acts of Alabama 1953; and Act No. 679, Acts of Alabama 1977, was appointed to determine whether the Board's decision was supported by substantial and legal evidence and to review questions of law. The panel found that the Board's action was so supported, and affirmed the Personnel Board's decision. The City of Birmingham appeals.
The Personnel Board urges this court to dismiss this appeal because the City has failed to properly invoke the jurisdiction of this court. We note that section 22 of the Enabling Act precludes appeals from the decision of the three-judge panel; thus, a petition for review by the common-law writ of certiorari is the only available means of review by the court.Ex parte Smith, 394 So.2d 45 (Ala.Civ.App. 1981). Although we agree with the Board that the City has improperly filed an appeal, we nevertheless choose in this instance to treat the City's appeal as a petition for writ of certiorari to this court. See, e.g., Murphy v. Murphy, 395 So.2d 1047
(Ala.Civ.App. 1981). *Page 183 
Upon granting certiorari we consider only whether the ruling below was supported by any legal evidence and whether there was any error of law below. Ex parte Personnel Board,440 So.2d 1106 (Ala.Civ.App. 1983).
The facts pertinent to our review are as follows.
McDonald secretly taped an interview between a patrol officer and an investigator from the Internal Affairs Division of the Birmingham Police Department. McDonald then told his superior, Stephens, that he had secretly made a recording of the investigation. He also played the tape for Stephens and others. Soon thereafter, Stephens and McDonald were served with a document entitled "Notice of Determination Hearing," advising both officers of possible disciplinary action against them. Both officers were informed that they were being investigated concerning possible violations of various rules and regulations of the Birmingham Police Department and of various Jefferson County Personnel Board Rules and Regulations.
After a hearing in Police Chief Deutcsh's office concerning these alleged violations, McDonald and Stephens received a "Decision Upon Determination Hearing of Possible Disciplinary Action" from the police chief, informing them that they had been demoted and suspended for thirty days without pay. The document contained no explanation for their demotions and suspensions. Stephens and McDonald appealed to the Personnel Board, and in their notice of appeal requested that the City furnish them with a written statement of the reasons they were disciplined. Subsequently the officers received a "Personnel Action Form," which stated the disciplinary action taken against them. Block number 18 of this form contained the reasons for the action. At the beginning of the Board hearing, McDonald and Stephens made a motion to limit the charges considered by the Board to those appearing in block number 18 of the personnel action form. The charges contained in block number 18 were explained before the Board as follows:
 "On Mr. Stephens, violation of Birmingham Police Department Rules and Regulations, Rule 3.35.3.33, neglect or refusal to comply with oral or written orders; Rule 3.35.13.39, any other acts or omissions contrary to good order and discipline or constituting a violation of any of the rules and regulations or of any department orders; Rule 3.35.3.30, neglecting to report any member or employee of the Department known to be guilty for violation of any rule or regulation or order issued for the guidance of the Department where such violation would bring discredit to such member and/or the Department; Rule 2.47.27, reporting incidents when a crime of great magnitude or importance or a matter of serious Department concern is reported to him, he shall immediately inform his superior officer by chain of command of the acts pertaining thereto and personally conduct the necessary investigation unless otherwise ordered by competent authorities.
 "Mr. McDonald, violation of Rules and Regulations of the Birmingham Police Department Rule Number 3.35.3.33, neglect or refusal to comply with oral or written orders; Rule 3.35.13.39, any other act or omission contrary to good order and discipline or constituting a violation of any of the rules and regulations or of any department orders; Rule 3.35.13.30, neglecting to report any member or employee of the Department known to be guilty of violation of any rule, regulation or order issued for the guidance of the Department where such violation would bring discredit for such member and/or Department."
Some, but not all, of the violations listed in the notice of determination hearing form were also listed in the personnel action form.
The officers' motion was granted and the Board refused to consider evidence concerning possible violations of other rules and regulations not specifically mentioned in block number 18 of the personnel action form. *Page 184 
The City contends that the Board's ruling was error. The City argues that the Board should have permitted it to present testimony concerning violations of those rules listed in the notice of determination hearing. We disagree.
We have stated that, "A decision is not arbitrary where there is a reasonable justification for the decision or where the determination is founded upon adequate principles or fixed standards." Sexton v. Tuscaloosa County Civil Service Board,426 So.2d 432 (Ala.Civ.App. 1983). Also, where judicial review of an agency's decision is sought, great weight is given to the reasoning and decision of that agency. Ex parte PersonnelBoard, 440 So.2d 1106 (Ala.Civ.App. 1983). Keeping in mind the above legal principles, we now turn to the Board's decision to determine whether it was supported by the evidence.
Rule 6.3 of the Personnel Board Rules and Regulations states that notice of demotion shall be in writing and shall set forth the cause of action and date of demotion. Rule 6.4 states that suspension without pay is effected by service upon an employee by the appointing authority of a written statement of the delinquency for which suspension was made. The notice of determination hearing and decision upon determination hearing of possible disciplinary action contained only the signature of the department head. The personnel action form, however, was signed by the appointing authority and contained reasons for the officers' demotions and suspensions. Mr. Jim Fields, Personnel Board secretary, testified that the personnel action form is the official notice of the reasons that an employee is being disciplined. He further stated that this form is the official record used by the personnel board in considering actions taken by the City. Given the above, the Board could have reasonably concluded that those violations listed in the personnel action form were the charges relied on by the City in demoting and suspending Stephens and McDonald, particularly since only this form complied with Rule 6.4. Apparently the Board also concluded that Stephens and McDonald had no notice that they would be required to defend against those charges listed in the notice of determination hearing in addition to those listed in the personnel action form. We note that the Board is required to hear all evidence that bears on the merits of the case. However, the Board need not consider evidence where it concludes that to do so would be unfairly prejudicial. Thus, we conclude that the Board properly limited the City's testimony to the charges listed in block number 18 of the personnel action form.
The City also contends that Stephens and McDonald violated those rules listed in block number 18, and that the Board erred in not so finding. Two witnesses, Captain John Morris and Chief Deutsch, however, admitted that there were no Personnel Board or Police Department rules prohibiting an officer from secretly taping any conversation. Consequently, the rule authorizing punishment for those members of the police department who refuse to comply with oral or written orders has not been violated. Moreover, the other charges set out in block number 18 all hinge more or less on the rule relating to the violation of oral or written orders, and, in the absence of proof of the violation of this rule, these other charges fail for lack of substantial evidence. Since the charges in block 18 are not supported by substantial evidence, the Board's decision to reinstate the two policemen to their former positions is not infected with error.
The City's final contention is that the Board improperly refused to allow Chief Leo Bailey of the Florence Police Department and Chief Frank Rogers of the Jefferson County Sheriffs Department to testify as expert witnesses concerning the Birmingham Police Department Rules and Regulations.
The decision of whether to allow a particular witness to testify as an expert is largely discretionary, and such decision will not be disturbed except for palpable abuse. *Page 185 Burroughs Corp. v. Hall Affiliates, Inc., 423 So.2d 1348 (Ala. 1982). The Board apparently found that since Bailey and Rogers were not employed with the Birmingham Police Department their testimony would not be helpful in explaining the rules and regulations of such department.
The three-judge panel's decision that the Board's reinstatement of Officers Stephens and McDonald with back pay is supported by substantial evidence and is not arbitrary or unreasonable is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.