Review is sought here by way of common law certiorari of a three-judge Jefferson County Circuit Court decision affirming a Jefferson County Personnel Board order.
The respondents in this case were discharged from their positions as telephone operators at Cooper Green Hospital (petitioner) by the Jefferson County Commission for violations of Personnel Board Rule 6.2(c): conduct unbecoming of an employee, i.e. unauthorized monitoring of telephone calls. The respondents filed an appeal with the Personnel Board (Board) of Jefferson County, which appointed a hearing officer to conduct the appeal hearing. On April 17, 1986 the hearing officer recommended to the Board the reinstatement of the discharged employees and further recommended the payment of back pay. Subsequently, the Board rescinded the discharge and ordered back pay for the respondents. The petitioner appealed to the Jefferson County Circuit Court three-judge panel, which affirmed the Board's decision. Petitioner now seeks review in this court.
The proper method of review of a three-judge circuit court panel's decision regarding a Jefferson County Personnel Board's order is by the common law writ of certiorari, which limits the scope of review to whether there has been an improper application of the law and whether the decision is supported by any legal evidence. Ex parte Smith, 394 So.2d 45
(Ala.Civ.App. 1981).
The Personnel Board acts as the trier of facts and has the duty to reach a determination regarding conflicting testimony. City of Mobile v. Mills, 500 So.2d 20
(Ala.Civ.App. 1986). When the Board utilizes a hearing officer, his finding of facts is presumed to be correct. Coleman v. AlabamaAlcoholic Beverage Control Board, 465 So.2d 1158
(Ala.Civ.App. 1985).
The three-judge panel circuit court review is to determine whether there was substantial legal evidence to support the *Page 1354 
Board's decision. Mills, supra. If substantial legal evidence is found, the circuit court must affirm the Board's decision.Mills, supra. "Substantial evidence is simply categorized as relevant evidence that a reasonable mind would view as sufficient to support a determination." Mills, supra.
The record indicates that during the period of time in question two different communication systems were utilized by the hospital, both of which could be used to monitor phone calls. The administrators and their witnesses and the employees and their witnesses gave conflicting testimony regarding monitoring of telephone calls and the existence of policy relating to authorized monitoring. The petitioners testified that they did not listen in on telephone calls unless they had been requested to do so. There was testimony that telephone calls had been monitored, that notes were taken of some of these calls which no longer exist, and that supervisors issued orders to monitor telephone calls. However, there was no policy for the logging of authorized telephone calls.
One particular witness testified that monitoring could not be done quietly. There was also testimony that calls were monitored for such reasons as death notification and consent for medical procedures, but the employees testified they monitored calls only when they were requested to do so.
The three-judge panel found that the Board's decision was supported by substantial evidence and affirmed it. Based on the facts contained in the record on appeal, we cannot say that the three-judge panel's decision upholding the Board's order was not supported by any legal evidence.
Petitioner contends here that the three-judge circuit court panel did not use the substantial evidence standard in reviewing the decision of the Board but, instead, used a reasonable doubt standard.
What petitioner has reference to are statements made by the hearing officer in his conclusions of law that "there was no real, direct evidence of an unauthorized call by any of the three Complainants. There was no real, direct, substantial evidence presented to sustain the charges." The hearing officer stated that the evidence against the complainants was by inference and assumption, not real proof. The hearing officer then concluded his statements by saying that there was no substantial proof to sustain the charges against the three employees.
First, we are unable to find in the record before us where the petitioner presented its objections or concerns to the Board that a higher standard of proof was required by the hearing officer. Nor are we able to find in the record where these objections were made to the three-judge circuit court panel. It appears that this issue has been raised for the first time in this court.
We are of the opinion that petitioner has waited too late to raise the issue. Issues presented for the first time to this court are deemed waived. Eady v. Dixie Dozer EquipmentCo., 484 So.2d 1106 (Ala.Civ.App. 1986). Petitioner had an opportunity to bring this matter to the attention of the Board and, failing that, to present it to the three-judge circuit court panel. Neither of these forums was given an opportunity to consider these issues. Failure to present the issue in question to the Board and the three-judge circuit court panel precludes consideration of such issue by this court. Eady,supra.
Had the issue in question been properly raised, we would have found no merit in it. Our review of the record indicates that the hearing officer was merely stating his reasons why the evidence produced to sustain the charges was not substantiated. He concluded by specifically saying that the charges against the employees were not sustained by substantial evidence.
The judgment of the three-judge circuit court panel is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur. *Page 1355