HOLMES, Judge.
This is a case concerning a decision by the Jefferson County Personnel Board.
In August 1986 disciplinary charges were filed against the employee by his immediate supervisor, and the employee was subsequently demoted. He appealed the demotion to the Jefferson County Person *342 nel Board (Board), which, following a hearing, sustained the demotion.
The employee appealed the Board’s decision to the Jefferson County Circuit Court. As required by law, a three-judge panel was appointed to review the Board’s decision. See 1977 Ala.Acts 684, § 9 (amending 1945 Ala.Acts 248, § 22). The three-judge panel affirmed the Board’s decision.
The employee now appeals to this court. We affirm.
Review of the decision of the three-judge panel regarding this matter of the Board comes before this court by way of certiorari. Ex parte Cooper Green Hospital, 519 So.2d 1352 (Ala.Civ.App.1987); Copeland v. Personnel Board, 498 So.2d 854 (Ala.Civ.App.1986).
Although the employee has filed a notice of appeal from the circuit court panel’s decision, we will treat that appeal as a petition for a writ of certiorari. See City of Birmingham v. Jefferson County Personnel Board, 468 So.2d 181 (Ala.Civ.App.1985).
On certiorari our review is limited to the consideration of whether the circuit court properly applied the law and whether the decision is supported by any legal evidence. Ex parte Cooper Green Hospital, 519 So.2d 1352; Copeland, 498 So.2d 854; City of Birmingham, 468 So.2d 181.
We would also note at this point that the special competence of the Board in matters of this nature lends weight to its reasoning and decision. Ex parte Personnel Board, 440 So.2d 1106 (Ala.Civ.App.1983). See City of Birmingham, 468 So.2d 181.
Applying these standards to the case now before us, we must affirm. Our review of the record reveals no improper application of the law and does reveal legal evidence which supports the Board’s decision to sustain the employee’s demotion.
The record indicates that the employee had held the position of Principal Probation Officer and Director of the Jefferson County Family Court Detention Center since 1975. It was from this position that he was demoted in 1986 to Senior Probation Officer.
Among the charges against the employee which led to his demotion were charges that he had violated certain rules of the Board pertaining to incompetency, inefficiency, and neglect of duty. The record contains evidence which supports those charges.
Betty L. Osborne, the employee’s immediate supervisor, testified at the proceedings before the Board of several instances of the employee’s alleged incompetence, or inefficiency, and neglect of duty. Among the most significant events about which Ms. Osborne testified were two instances within a two-month period in which inmates escaped from the Family Court Detention Center. On January 24, 1986, seven inmates escaped when they were left alone and unsupervised within a part of the Center’s gymnasium. Subsequently, on March 2, 1986, fourteen inmates escaped when they were also apparently left unsupervised.
Ms. Osborne also testified regarding the employee’s alleged neglect in his failure to properly fulfill his duty of preparing the 1986 budget for the Detention Center by the date it was due. She testified that he “left on vacation, assuring me that it was done and it was not typed even for submission to me at the time he went on vacation” and that she “had to do it over.”
The above constitutes only a small part of the testimony and other evidence which supports the Board’s decision to sustain the employee’s demotion.
The employee contends that the testimony of Osborne and other witnesses should be discounted by this court for various reasons. It was the Board, however, not this court, which served as the trier of fact in this case and had the responsibility of weighing the evidence, as well as resolving any conflicts. See Ex parte Cooper Green Hospital, 519 So.2d 1352.
The employee also contends on appeal that his right to procedural due process was violated by what he claims were the vague, uncertain, and indefinite *343 charges brought against him. We find this contention to be without merit.
It cannot be disputed that the employee was entitled to due process with regard to his demotion. Due process requires that one not be deprived of his property right— in this instance his job — “without the rudimentary elements of fair play, that is, reasonable notice of and precise description of the nature and substance of the charges and reasonable opportunity to present a defense.” Peseau v. Civil Service Board, 385 So.2d 1310, 1315 (Ala.Civ.App.), cert. denied, 385 So.2d 1316 (Ala.1980).
Our review indicates that the employee was clearly given such due process requisites. The notice sent to him in August 1986 that disciplinary action against him was being considered set forth in fairly specific detail the reasons for such contemplated disciplinary action. It identified the specific Board rules the employee was alleged to have violated and rather specific behavior or actions on the part of the employee which caused the violations. Clearly, this notice gave the employee reasonable notice of the nature or substance of the charges against him.
The record also indicates that the employee had a reasonable opportunity to defend himself against the demotion. His case was fully heard by the Board in proceedings on two occasions. The employee was represented by legal counsel at those proceedings and presented the testimony of two individuals on his behalf, as well as his own testimony and several written exhibits.
Under such circumstances we find no violation of the employee’s due process rights.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.