HOLMES, Judge.
This is an insurance case.
The Alabama Insurance Department (Department) examined the financial conditions and affairs of Old Southern Life Insurance Company (Old Southern) and compiled a report. Thereafter, hearings were held before the Commissioner of Insurance (Commissioner) concerning certain aspects of the Department’s report. The Commissioner made the following determinations: (1) Old Southern must post additional active life reserves in the amount of $1,988,474, as its present reserves are inadequate, (2) Old Southern improperly calculated dividends due under certain policies, and (3) Old Southern improperly treated certain policyholders’ claims. Old Southern then appealed to the circuit court.
After reviewing the transcript of the hearing held before the Commissioner, as well as the exhibits and briefs of the parties, the circuit court affirmed the Commissioner’s order, with the exception of the provision requiring Old Southern to post additional active life reserves.
Old Southern appeals, and the Department cross-appeals. We affirm the order of the circuit court.
At the outset we note that our standard of review, as well as that of the circuit court, is governed by Ala.Code (1975), § 27-2-32(e) (1986 Repl.Vol.). Pursuant to this provision, the Commissioner’s decision or order shall be taken as prima facie just and reasonable. However, the court shall reverse, vacate, or modify the Commissioner’s decision or order in whole or in part if it finds that:
“(1) The commissioner erred to the prejudice of appellant’s substantial rights in his application of the law;
“(2) The decision or order was procured by fraud or was based upon a finding of facts contrary to the weight of the evidence; or
“(3) The commissioner’s action was arbitrary or capricious.”
As noted above, both Old Southern and the Department have appealed the order of the circuit court. Therefore, we have three issues presented for review. Mindful of our standard of review, we address each issue separately.
I
The first issue we will address concerns the Department’s cross-appeal.
The circuit court held that the Commissioner’s order requiring the posting of additional reserves was error on the basis that it constitutes a promulgation of a regulation without following proper procedural steps as authorized by statute. We agree.
Ala.Code (1975), § 27-36-5 (1986 Repl.Vol.), requires insurance companies to maintain reserves on certain policies. This provision is as follows:
“For all disability insurance policies, the insurer shall maintain an active life reserve which shall place a sound value on its liabilities under such policies and be not less than the reserve according to appropriate standards set forth in regulations issued by the commissioner and, in no event, less in the aggregate than the pro rata gross unearned premiums for such policies.”
Clearly, pursuant to this statute the Commissioner may promulgate regulations to set the appropriate standards to be used in determining the reserve. However, the Commissioner must comply with all notice and hearing requirements as set forth in Ala.Code (1975), § 27-2-17. This he did not do.
The Department contends, however, that the Commissioner may determine the adequacy of an insurance company’s life reserves through the administrative adjudicatory processes without adopting a formal regulation. We disagree.
It would appear to this court that to allow the Commissioner to adopt such requirements by ad hoc adjudication in an administrative hearing could have a devastating effect on individual insurance companies. Surely, the insurance companies are entitled to a fair warning of the criteria by which they will be judged. The Commissioner’s attempt to promulgate a new standard of general applicability for the *32 establishment of reserves by insurance companies is the very form of regulation for which the notice and opportunity to be heard requirements were established. See Matzke v. Block, 564 F.Supp. 1157 (D.C. Kansas 1983).
Therefore, we find that, in requiring the posting of additional reserves, the Department attempted to promulgate a regulation without following the statutory requirements of notice and opportunity to be heard. Clearly, this action in requiring Old Southern to post an additional $1,988,474 was arbitrary and capricious, and we affirm the circuit court on this issue.
II
The second issue concerns Old Southern’s appeal to this court. Certain policies assumed by Old Southern provide that a policyholder shall receive each year a “surplus interest dividend,” calculated on the “cash value” of such policy, contingent upon payment of a full year’s premium falling due after the Participating Date.
In computing surplus interest dividends on these policies, Old Southern’s practice has been to deduct policy loan indebtedness from the policy’s cash value, arriving at a “net cash value” upon which the dividend rate is applied to determine the dividend amount.
The Commissioner determined that Old Southern improperly calculated dividends due under the above policies. He concluded that the term “cash value” as used in these policies refers to an amount free of indebtedness unless otherwise stated in the policy. The circuit court affirmed this determination.
At the outset we would note that, if an insurance policy contains ambiguous language, it will be construed liberally in favor of the insured and strictly against the insurance company. Furthermore, provisions of an insurance policy must be construed in light of the interpretation that ordinary men would place on the language in question. Ho Brothers Restaurant, Inc. v. Aetna Casualty & Surety Co., 492 So.2d 603 (Ala.1986). Therefore, after a careful review of the record, and in view of our narrow standard of review, we cannot say that the Commissioner’s determination is arbitrary or capricious.
Reviewing the record with the attendant presumptions, we find the following pertinently revealed: The term “cash value” is defined in the policy’s Table of Non-Forfeiture Values as a figure not reduced by indebtedness. Additionally, “cash value” is used in the policy to represent the maximum amount which can be borrowed against the policy. Further, the policy in question specifically addresses the effect of indebtedness under another provision by distinguishing between “cash surrender value” and “cash surrender value less indebtedness.”
Therefore, in view of the above, we cannot say that the Commissioner erred in this instance in determining that Old Southern improperly calculated dividends in certain policies.
III
The final issue raised on this appeal by Old Southern concerns the Commissioner’s determination that Old Southern had improperly treated certain policyholders. The circuit court affirmed this determination, and we find no reversible error in this conclusion.
The Department is required to examine each insurer at least every three years. Ala.Code (1975), § 27-2-21. In performing this task, an examiner reviews a sampling of claim files with the objective of picking up on a general practice or pattern of the insurer. Here, the examiner assigned to examine Old Southern determined that Old Southern’s error rate on claim settlements was significant enough to be noted in the report. The examiner then offered an opinion as to the possible reasons for the error rate and made certain recommendations.
Suffice it to say that we have carefully reviewed the record, and in view of our narrow standard of review, we cannot say that the Commissioner’s determination is arbitrary or capricious. We further point out that great weight should be given to the reasoning and decision of an administrative agency on judicial review of that agency’s decision. City of Birmingham v. *33 Jefferson County Personnel Board, 468 So.2d 181 (Ala.Civ.App.1985).
We do point out, however, that it would appear to this court that, in order for the examiner to carry out an effective evaluation, he must be free to state his opinion based upon his own observations of the insurer’s documents. Here, the examiner’s opinion was based upon the documents and files made available to him. In fact, Old Southern admitted that it had probably made overpayments, that policyholders have differed with the company on its interpretation of policy provisions, that policyholders have claimed that they should have been paid when the company has denied payment of benefits, that there have been underpayments of policy claims, and that the company receives about 50-75 policyholders’ complaints per week.
Therefore, in view of the above, we cannot say that the Commissioner erred in his determination that Old Southern had improperly treated certain policyholders. Additionally, we note that this determination by the Commissioner appears to be basically for corrective purposes, and, apparently, there is no direct penalty involved. Nevertheless, we find no error in the Commissioner’s conclusion.
The order of the circuit court is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.