The Chief of Police of the City of Dothan (chief) suspended the appellant, Lieutenant Fred Williams (lieutenant), without pay for a period of ten days and reduced his rank from lieutenant to sergeant after finding that the lieutenant had violated a provision of the City of Dothan Personnel Rules and Regulations by failing to adhere to a procedural order of the Dothan Police Department. The chief's actions stemmed from allegations that the lieutenant improperly used his weapon during the pursuit and arrest of a suspect on October 5, 1989. The lieutenant appealed the chief's decision to the City of Dothan Personnel Board (board), as provided by the City of Dothan *Page 1352 
Civil Service Act of 1947 (act). Following an evidentiary hearing, the board affirmed the actions of the chief. The lieutenant then appealed the board's decision to the Houston circuit court, which upheld the board's finding. The lieutenant brings this appeal.
The lieutenant raises several issues for our consideration in this appeal. First, the lieutenant contends that he was deprived of his right to due process of law in that, he contends, he was not provided with proper notice of the charges that were brought against him. Furthermore, the lieutenant asserts that the board did not sufficiently set out findings of fact upon which its decision was based and that the trial court, therefore, had no basis upon which to affirm the board's decision. Finally, the lieutenant argues that the board lacked sufficient evidence upon which to make a finding that he violated any departmental procedure or city personnel rule.
Initially, we address the lieutenant's contention that he was not provided with adequate notice of the charges that were brought against him. The lieutenant asserts that his due process rights were violated because the city, during the proceedings before the board, brought out other complaints and alleged policy violations which were not related to the present case. We disagree.
The record reflects that prior to the departmental hearing which preceded the chief's ruling, the lieutenant was served with a notice of the hearing. The notice stated, in pertinent part:
 "It has been brought to my attention as Department Head that you have possibly violated the Personnel Rules and/or Civil Service Act of the City of Dothan, Alabama, in that . . . [o]n October 5th, 1989 you violated Personnel Rule 3.200(c)-(11) by violating Department Procedural General Order Number 12-II-E."
The lieutenant argues that the city alluded to incidents other than those related to the particular violations charged. However, after reviewing the transcript, we note that the focus of the proceedings before the board was clearly on the offenses charged in the notice. The evidence of which the lieutenant complains as being improper clearly relates to the interaction of the procedure which was allegedly violated and other departmental procedures. Moreover, we note that even if the evidence was improperly admitted, we are reluctant to reverse since the board is not composed of those learned in the law. Ex parte Morris, 263 Ala. 664, 83 So.2d 717
(1955). Therefore, we find no violation of the lieutenant's due process rights regarding the evidence admitted by the board at the hearing.
The lieutenant's second contention on appeal is that the board failed to properly outline its findings of fact. Section 33 of the act provides:
 "The findings of fact by said Board, duly set forth in the transcript, if supported by substantial evidence adduced before said Board . . . shall be conclusive on any appeal."
The lieutenant argues that this language makes it incumbent upon the board to make written findings of fact a part of its decision and that its failure to do so is reversible error. Again, we disagree.
Although there have been no prior appellate court decisions addressing the issue of whether this particular provision of the act mandates findings of fact, we find guidance in our prior decisions interpreting the statutory requirement of findings of fact in workmen's compensation cases. See § 25-5-88, Ala. Code 1975. Even though the statute requiring findings of fact in workmen's compensation cases is more explicit than the provision of the act involved in the case at bar, we have held that a reviewing court may refer to the record itself in determining whether the judgment should be upheld in cases where the findings of fact by the lower court are meager or omissive. See Wilson v. William WilsonCo., 537 So.2d 930 (Ala.Civ.App. 1988); Sun Papers, Inc. v. Jerrell,411 So.2d 790 (Ala.Civ.App. 1981).
In the present case, a record of the proceedings before the board was certified to the trial court. The trial court reviewed the record and found that "the Board did *Page 1353 
have before it substantial evidence to support its affirmance of Chief Williams' finding." In light of this, we find no error in the board's failure to include written findings of fact with its decision.
Finally, the lieutenant asserts that the board lacked sufficient evidence upon which to base its decision affirming the actions of the chief. We note that our supreme court has previously held, in reviewing an appeal under Section 33 of the act, that the appropriate standard of review in appeals of this nature is whether the board properly applied the law involved and whether the ruling is supported by any legal evidence. Ex parte Watkins, 268 Ala. 567, 109 So.2d 671 (1959). Furthermore, any determination as to the weight and credibility of the evidence and any inferences drawn therefrom lie with the board.Holloway v. Personnel Board of Jefferson County, 528 So.2d 341
(Ala.Civ.App. 1988).
The record in the case at bar reveals the following facts: Two Dothan police officers responded to a call on October 5, 1989, regarding suspicious activity near a public housing project. After arriving at the scene, one of the officers notified the dispatcher that the officers were chasing a possible suspect. In response to this, the dispatcher issued an emergency tone alert. After hearing the alert, the lieutenant responded to the scene. The lieutenant got out of his patrol car, drew his weapon, and began pursuing the suspect with gun in hand. The lieutenant eventually apprehended the suspect after striking him with the pistol.
Although there is evidence in the record that the lieutenant was warranted in drawing his weapon while in pursuit of the suspect, this evidence is refuted by substantial evidence that the lieutenant drew his weapon in violation of established department procedures. The record reveals that the two other officers involved, who were on the scene prior to the lieutenant's arrival, did not draw their weapons; one officer testified that he believed that the use of a weapon was not necessary, while the other testified that he believed that it was a violation of department procedure. Additionally, three police captains found no justification for the action of the lieutenant. In light of this, we find no merit in the lieutenant's assertion that the board's decision was not supported by the evidence in the transcript.
After reviewing the record and considering the issues raised by the lieutenant on appeal, we find that the decision of the trial court upholding the ruling of the board is due to be affirmed.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.