RICHARD L. HOLMES, Retired Appellate Judge.
Tom R. Boyette (employee) was a juvenile probation officer employed by the Jefferson County Family Court (employer). In a memorandum dated February 20, 1995, the employer advised the employee that he was being transferred for a six- to nine-month period to the Bessemer Intake and Probation Office. This transfer was to become effective on Tuesday, February 21, 1995. We would note that there had been some prior conversations between the employer and the employee concerning this transfer.
On February 20, 1995, the employee initiated the grievance procedure, claiming that he was being transferred for punitive reasons. The employer responded that the transfer was not punitive in nature. The employee continued to proceed through the various steps of the grievance procedure. On March 9, 1995, the employee initiated Step III of the grievance procedure. The employer did not respond to this step of the grievance procedure.
It is undisputed that the employee did not report to the Bessemer office, as directed in the February 20,1995, memorandum.
On February 21, 1995, the employer delivered to the employee a notice of contemplated disciplinary action. The notice stated that the employer was contemplating disciplinary action against the employee because the employee had violated Personnel Board Rule 6.2(e) (conduct unbecoming an employee in the public service) and Personnel Board Rule 6.2(n) (violation of any lawful or reasonable regulation or order made and given by a superior officer). The employee responded that he wished to have a hearing before the Jefferson County Commissioner in charge of his department.
Upon receiving the employee’s response, the employer scheduled the hearing for March 7, 1995, before Commissioner Mary Buckelew. The employer sent the employee a memorandum, dated February 28, 1995, advising the employee of the hearing date and notifying him that his assignment to the Bessemer Intake and Probation Office would remain in effect pending the hearing. The memorandum stated, “If you do not report to this work assignment at 8:00 a.m. on Wednesday, March 1,1995, you will be considered absent on leave (overtime or vacation) until your hearing before Commissioner Buckelew (37 hours).” The memorandum also stated that if the employee wished to offer a proposal prior to the hearing, he should do so in writing.
By a memorandum dated February 28, 1995, the employee offered the following proposal:
“I have conferred with several attorneys about the contemplated disciplinary action. The following was recommended to resolve the problem. The general opinion was that I have a valid grievance and that I should follow the Personnel Board rules and guidelines. The second part was to propose an agreement that both parties would abide by the results of the grievance with the Personnel Board. This action would suspend the hearing and put the move on hold until the grievance was heard by the Personnel Board.”
Samuel DiPiazza, the acting Family Court Administrator, testified that he received this memorandum from the employee during their February 28,1995, conference. DiPiaz-za stated that he told the employee that this proposal was not acceptable.
*23 Jeff Sewell, the assistant county attorney assigned to this case for the disciplinary hearing, testified that after the employer scheduled the hearing, an attorney telephoned Sewell on the employee’s behalf. Se-well stated that the attorney asked him if the disciplinary action would be withdrawn if the employee obeyed the order and reported to Bessemer. Sewell told the attorney that Se-well felt comfortable that this could be done because all the employer wanted was for the employee to go to Bessemer and do his job. The attorney called Sewell a couple of days later and told him that it was not going to happen.
On March 7, 1995, the employer held the disciplinary hearing and terminated the employee’s employment for violation of Personnel Board Rules 6.2(c) and 6.2(n). The effective date of the termination of employment was March 8, 1995. We would note that the' employee did not appear for the March 7, 1995, hearing and that no one contacted the Commissioner’s office to request a continuance.
On March 17, 1995, the employee filed a notice of appeal to the Personnel Board of Jefferson County, Alabama (Board). In his notice of appeal the employee, in response to the statement, “In answer to these charges,” cheeked the statement “I admit, in part, to my guilt.” In response to the statement, “The reason(s) that this disciplinary action should not take place is/are,” the employee indicated that “[t]he action taken against [him was] too severe a penalty” and that “[t]he basis for [his] dismissal was punitive, discriminatory, and unfounded.”
The Board held hearings on August 3, 1995, August 8, 1995, August 15, 1995, and August 24, 1995. We would note that both parties were represented by counsel. On August 31, 1995, the Board issued an order, sustaining the actions taken by the employer and Commissioner Buckelew in dismissing the employee.
On September 8,1995, the employee filed a notice of appeal to the circuit court. A three-judge panel reviewed the record of the Board’s proceedings and listened to oral arguments by the parties’ counsel. On March 15, 1996, the circuit court issued an order, finding that “there was substantial and legal evidence to support the Board’s decision” and affirming the Board’s decision.
The employee appeals to this eourt.
We would note that review of the decision of the three-judge panel regarding this matter comes before this court by way of certiorari. Holloway v. Personnel Board of Jefferson County, 528 So.2d 341 (Ala.Civ.App.1988). Although the employee has filed a notice of appeal from the circuit eourt panel’s decision, we will treat that appeal as a petition for a writ of certiorari. Holloway, 528 So.2d 341. On certiorari, our review is limited to the consideration of whether the circuit court properly applied the law and whether the decision is supported by any legal evidence. Holloway, 528 So.2d 341.
The employee contends on appeal that the employer denied his right to procedural due process when it failed to allow the grievance procedure to proceed to its conclusion.
We would note that the employee’s position at the hearing before the Board was as follows: The employee’s refusal to report to Bessemer, as ordered, was not willful disobedience. Although he did not go to Bessemer, as ordered, he thought that the order to report to Bessemer would be held in abeyance while his grievance regarding the transfer was pending.
The employer’s position at the hearing before the Board was as follows: The employee admitted that he did not report as ordered; however, he questioned the severity of the penalty imposed. The employer maintained that the disciplinary action was appropriate under the circumstances of the case — a juvenile probation officer had refused to follow an order given by his supervisor. If the employee is allowed to “get away” with refusing to comply with such an order, then other employees and the juveniles assigned to the probation officers would begin to think that they could refuse to follow orders and that nothing would happen.
Our review of the record reveals that the employee was afforded ample due process. As previously noted, the employer told the *24 employee that his February 28,1995, proposal — regarding the employee’s proposal that the transfer be “put on hold” and the disciplinary hearing be suspended, pending the conclusion of the grievance procedure — was not acceptable. Even after the employer initiated disciplinary proceedings against the employee, the employee did not report to Bessemer. In fact, the employee failed to appear at the March 7, 1995, disciplinary hearing. There was testimony that the “proper way” for the employee to handle the situation was for the employee to accept the transfer to Bessemer and then to proceed with the grievance procedure.
We find that the circuit court properly applied the law in this case and that the circuit court’s decision is supported by ample legal evidence. Consequently, the judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result only.