ROBERTSON, Presiding Judge.
Tom Boyette (“the employee”), a former juvenile probation officer employed by the Jefferson County Family Court (“the employer”), appeals from a summary judgment in favor of Jefferson County (“the County”), the Jefferson County Personnel Board (“the Board”), and Mary M. Buckelew, a Jefferson County commissioner, on his claims alleging, among other things, age-based employment discrimination. We affirm.
*640 The employee has been before this court once before, on appeal from a judgment affirming the decision of the Board to uphold his dismissal by the County. Boyette v. Personnel Bd., 695 So.2d 21 (Ala.Civ.App.1996) (“Boyette I ”). Much of the pertinent factual background to this ease is summarized in our earlier opinion:
“In a memorandum dated February 20, 1995, the employer advised the employee that he was being transferred for a six- to nine-month period to the Bessemer Intake and Probation Office. This transfer was to become effective on Tuesday, February 21, 1995. We would note that there had been some prior conversations between the employer and the employee concerning this transfer.
“On February 20, 1995, the employee initiated the grievance procedure, claiming that he was being transferred for punitive reasons. The employer responded that the transfer was not punitive in nature. The employee continued to proceed through the various steps of the grievance procedure. On March 9,1995, the employee initiated Step III of the grievance procedure. The employer did not respond to this step of the grievance procedure.
“It is undisputed that the employee did not report to the Bessemer office, as directed in the February 20, 1995, memorandum.
“On February 21, 1995, the employer delivered to the employee a notice of contemplated disciplinary action. The notice stated that the employer was contemplating disciplinary action against the employee because the employee had violated Personnel Board Rule 6.2(c) (conduct unbecoming an employee in the public service) and Personnel Board Rule 6.2(n) (violation of any lawful or reasonable regulation or order made and given by a superior officer). The employee responded that he wished to have a hearing before the Jefferson County Commissioner in charge of his department.
“Upon receiving the employee’s response, the employer scheduled the hearing for March 7, 1995, before Commissioner Mary Buckelew. The employer sent the employee a memorandum, dated February 28, 1995, advising the employee of the hearing date and notifying him that his assignment to the Bessemer Intake and Probation Office would remain in effect pending the hearing. The memorandum stated, ‘If you do not report to this work assignment at 8:00 a.m. on Wednesday, March 1, 1995, you will be considered absent on leave (overtime or vacation) until your hearing before Commissioner Bucke-lew (37 hours).’ The memorandum also stated that if the employee wished to offer a proposal prior to the hearing, he should do so in writing.
“By a memorandum dated February 28, 1995, the employee offered the following proposal:
“ ‘I have conferred with several attorneys about the contemplated disciplinary action. The following was recommended to resolve the problem. The general opinion was that I have a valid grievance and that I should follow the Personnel Board rules and guidelines. The second part was to propose an agreement that both parties would abide by the results of the grievance with the Personnel Board. This action would suspend the hearing and put the move on hold until the grievance was heard by the Personnel Board.’
“Samuel DiPiazza, the acting Family Court Administrator, testified that he received this memorandum from the employee during their February 28, 1995, conference. DiPiazza stated that he told the employee that this proposal was not acceptable.
“Jeff Sewell, the assistant county attorney assigned to this case for the disciplinary hearing, testified that after the employer scheduled the hearing, an attorney telephoned Sewell on the employee’s behalf. Sewell stated that the attorney asked him if the disciplinary action would be withdrawn if the employee obeyed the order and reported to Bessemer. Sewell told the attorney that Sewell felt comfortable that this could be done because all the employer wanted was for the employee to go to Bessemer and do his job. The attor *641 ney called Sewell a couple of days later and told him that it was not going to happen.
“On March 7, 1995, the employer held the disciplinary hearing and terminated the employee’s employment for violation of Personnel Board Rules 6.2(c) and 6.2(n). The effective date of the termination of employment was March 8, 1995. We would note that the employee did not appear for the March 7, 1995, hearing and that no one contacted the Commissioner’s office to request a continuance.
“On March 17,1995, the employee filed a notice of appeal to the Personnel Board of Jefferson County, Alabama (Board). In his notice of appeal the employee, in response to the statement, ‘In answer to these charges,’ checked the statement T admit, in part, to my guilt.’ In response to the statement, ‘The reason(s) that this disciplinary action should not take place is/ are,’ the employee indicated that ‘[t]he action taken against [him was] too severe a penalty1 and that ‘[t]he basis for [his] dismissal was punitive, discriminatory, and unfounded.’
“The Board held hearings on August 3, 1995, August 8,1995, August 15, 1995, and August 24,1995. We would note that both parties were represented by counsel. On August 31, 1995, the Board issued an order, sustaining the actions taken by the employer and Commissioner Buekelew in dismissing the employee.”
“On September 8, 1995, the employee filed a notice of appeal to the circuit court. A three-judge panel reviewed the record of the Board’s proceedings and listened to oral arguments by the parties’ counsel. On March 15, 1996, the circuit court issued an order, finding that ‘there was substantial and legal evidence to support the Board’s decision’ and affirming the Board’s decision.”
Boyette I, 695 So.2d at 22-23. This court affirmed the circuit court’s order, finding that “the circuit court properly applied the law in this case and that the circuit court’s decision is supported by ample legal evidence.” Id. at 24.
After our decision was issued, the employee filed a civil action in the trial court, naming the County, the Board, Buekelew, and Elizabeth Still (a senior Jefferson County probation officer) as defendants. The employee asserted claims of wrongful termination, breach of contract, breach of an implied covenant of good faith, outrage, fraud, and (against Still only) defamation. Later, the employee amended his complaint to assert a claim against the defendants under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 et seq., alleging that he was unlawfully terminated because of his age (49 years).
The County, the Board, and Buekelew all moved for a summary judgment as to all claims except the defamation claim against Still; they attached as exhibits to their motion pertinent portions of the proceedings leading up to the judgment of this court in Boyette I. In support of their motion, these defendants relied upon the doctrines of res judicata and collateral estoppel, contending that the decisions of the Board, the circuit court, and this court prevented the employee from prevailing on his contention that his termination was motivated by his age. The employee filed a response in opposition, contending that fact issues existed but that discovery needed to be taken before a full response could be submitted; he later filed an amended response, relying upon a United States district court opinion that had concluded that the employee’s sex discrimination claims against the Jefferson County Department of Juvenile Services were not barred by res judicata or collateral estoppel.
The trial court entered a summary judgment for the movants, concluding that the employee could have raised his age discrimination claim as a defense in Boyette I during the termination review proceeding before the Board, as well as before the three-judge review panel and this court. The employee’s post-judgment motion to alter or amend the judgment was denied, and the trial court certified the summary judgment as a final judgment pursuant to Rule 54(b), Ala. R.Civ.P.[1]
*642 The employee appealed to the Alabama Supreme Court; that court transferred his appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
The employee’s sole contention is that the trial court erred in entering the summary judgment on his ADEA claim; he does not argue that the trial court erred in entering the summary judgment on his wrongful termination, breach of contract, breach of an implied covenant of good faith, outrage, and fraud claims. Therefore, as to these claims, the judgment is due to be affirmed. Leisure Am. Resorts, Inc. v. Knutilla, 547 So.2d 424, 425 n. 2 (Ala.1989).
As to the employee’s ADEA claim against the Board and Buckelew, we note that the ADEA prohibits an “employer” from discharging an individual between the ages of 40 and 70 years because of his or her age. 29 U.S.C. §§ 623(a)(1), 631(a). It is undisputed that the employee was employed by Jefferson County, and not by the Board, which acted only as an administrative agency to determine whether the County’s termination of the employee was permissible; thus, the Board cannot be liable under the ADEA. Similarly, while Buckelew may have been the individual who made the determination to terminate the employee, she was not the “employer” of the employee under the ADEA; “there is no individual responsibility” of county commissioners to county employees under the ADEA. Mason v. Stallings, 82 F.3d 1007, 1009 (11th Cir.1996) (citing Smith v. Lomax, 45 F.3d 402, 403 n. 4 (11th Cir.1995)). Accordingly, because we “will affirm the judgment appealed from if supported on any valid legal ground,” Smith v. Equifax Servs., Inc., 537 So.2d 463, 465 (Ala.1988), the summary judgment is due to be affirmed as to the employee’s ADEA claim against the Board and Bucke-lew.
With respect to the employee’s ADEA claim against the County, we must ascertain whether the adverse decisions of the three-judge panel and this court in Boyette I collaterally estop the employee from prevailing on his claim of age discrimination. Traditionally, Alabama opinions have applied a five-element test to determine whether an administrative decision will collaterally estop the relitigation of an issue in a subsequent judicial proceeding:
“(1) there is identity of the parties or their privies; (2) there is identity of issues; (3) the parties had an adequate opportunity to litigate the issues in the administrative proceeding; (4) the issues to be estopped were actually litigated and determined in the administrative proceeding; and (5) the findings on the issues to be estopped were necessary to the administrative decision.”
State Health Planning & Dev. Agency v. AMI Brookwood Med. Ctr., 564 So.2d 54, 59 (Ala.Civ.App.1989), aff'd, 564 So.2d 63 (Ala.1990).
While these elements appear to focus upon issues actually presented and decided in the original administrative proceedings alone, the Alabama Supreme Court has recently broadened the scope of collateral es-toppel to encompass those issues that might have been brought in a review proceeding in the circuit court. In Ex parte Smith, 683 So.2d 431 (Ala.1996), cert. denied, 520 U.S. 1165, 117 S.Ct. 1426, 137 L.Ed.2d 536 (1997), an instructor at a state college who had been terminated from his position appealed his termination to an administrative review panel, claiming that his termination was motivated by an improper motive, i.e., to retaliate against his exercise of his First Amendment right to free speech. The review panel affirmed the instructor’s termination, without commenting upon his retaliation claim. Notably, the instructor did not appeal his decision to the appropriate circuit court, as permitted by Ala.Code 1975, § 41-22-20, a portion of the Alabama Administrative Procedure Act (“AAPA”). Instead, he filed a separate action against his former employer and three of its administrators, claiming damages under 42 U.S.C. § 1983 for deprivation of his First Amendment rights under color of state law.
This court, applying the elements set forth in SHPDA, supra, affirmed the dismissal of the instructor’s § 1983 action. Smith v. Alabama Aviation & Technical College, 683 So.2d 426 (Ala.Civ.App.1995). The Alabama Supreme Court granted certiorari review. *643 In its opinion affirming this court’s judgment, the Supreme Court first rejected the instructor’s contention that federal law prevented the application of state law principles of issue preclusion (i.e., collateral estoppel) by a state court in an action brought in a state court but arising under federal law (§ 1983). More importantly, however, the Supreme Court in Smith rejected the instructor’s claim that his federal constitutional issues could not have been adjudicated in the previous administrative proceeding because, it held, the instructor had had the opportunity to raise them in a judicial review proceeding but did not do so:
“In support of his assertion that his constitutional claims were not ‘actually litigated and determined in the administrative proceedings,’ ... [the instructor] contends that the administrative review panel was not equipped to adequately determine whether he had been terminated for exercising his right to free speech. At first glance, this argument appears to be valid.... We agree with [the instructor]’s argument that the review panel could not adequately determine the constitutional issues presented to it and that there has been no showing that the panel did apply the required test. His § 1983 claims are nevertheless barred, because he had a right to appeal the ruling of the review panel to the appropriate circuit court, under § 41 — 22—20(k)(1), Ala.Code 1975, but did not do so.
“Section 41-22-20 provides for a judicial review of the decisions of administrative agencies, when the decisions of such agencies are final and binding. § 41-22-20(a), Ala.Code 1975.... A reviewing circuit court ‘may reverse or modify the decision of an administrative review panel or grant other appropriate relief if it finds that ‘substantial rights of the petitioner have been prejudiced because the agency action is ... in violation of constitutional or statutory provisions.’ § 41-22-20(k), Ala.Code 1975. [The instructor] did not appeal the decision of the review panel to the circuit court; rather, he brought this action in order to recover damages for wrongful termination. Therefore, he waived his right to appeal the decision of the review panel.
“If he had appealed the decision of the review panel to the appropriate circuit court, [the instructor] could have ensured that his constitutional claims would be properly adjudicated.... [A] circuit court, acting in an appellate capacity, would be required to make a de novo review of any First Amendment claims raised by the terminated employee. Thus, there is an appropriate procedure for an employee to follow in order to ensure that his or her constitutional claims are reviewed by a jurist possessing the requisite legal competence.
“These appellate procedures ensure that the aggrieved employee will have the opportunity to raise his or her constitutional claims in a court of law, where such claims will be determined by a person having the requisite legal competence. [The instructor] did not pursue his statutory remedy by appealing the ruling of the administrative review panel. His failure to appeal the ruling of the review panel to the appropriate circuit court acts as a waiver of any right to relitigate these issues, because the circuit court could have adequately determined the constitutional issues raised by him.
[[Image here]]
“Under the provisions of law, an aggrieved person, such as [the instructor], who believes that the decision of a review panel did not adequately or correctly adjudicate his or her constitutional claims can appeal that decision to the appropriate circuit court, as provided in § 41-22-20, Ala. Code 1975. To allow a plaintiff to raise the same issues in a subsequent lawsuit after having elected not to appeal from the administrative ruling would frustrate efforts to provide an orderly administration of justice and could encourage one to reliti-gate issues rather than have those issues finally resolved.”
Smith 683 So.2d at 435-36 (footnotes omitted).
We note that the employee in this case, like the instructor in Smith, had an adequate review mechanism available to him to secure review of his federal claims. Pursuant to § 22 of Act No. 248, 1945 Ala. Acts, as amended by Act No. 679, 1977 Ala. Acts, *644 the employee in this case had the right to appeal an adverse judgment to a three-judge panel of the Jefferson County Circuit Court “to review questions of law and the question of whether or not the decision of the Board is supported by the substantial and legal evidence” (emphasis added).[2] The employee in this case, unlike the instructor in Smith, availed himself of this review procedure, which culminated in the three-judge panel’s judgment in favor of the Board and in our affirmance in Boyette I. However, we have reviewed the record and briefs in Boyette I and have determined that the employee did not raise his age discrimination defense to his termination before the three-judge panel or in this court. Thus, while the Board may not have had the legal competence to determine the employee’s ADEA claim, even had it allowed the employee to present evidence of age discrimination, his failure to assert it during the pendency of judicial review of the Board’s decision in the circuit court and this court on appeal in Boyette I constitutes a waiver of his right to litigate, in state court, the permissibility of his termination under federal law.[3]
In this case, the employee has sought to collaterally attack both administrative and judicial proceedings involving the same parties, which proceedings determined that the employee was discharged from his employment with Jefferson County for good cause. On the authority of Smith, we conclude that the trial court correctly determined that the employee’s ADEA claim was barred by principles of collateral estoppel from being asserted in a subsequent civil action. Therefore, its judgment is due to be affirmed.
AFFIRMED.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. The employee’s defamation claim against Still remains pending in the trial court.

. As we noted in Boyette I, a judgment entered by the three-judge panel of the Jefferson County Circuit Court may be reviewed by this court via a writ of certiorari, which also permits review of questions of law. See White v. White, 589 So.2d 740, 743 (Ala.Civ.App.1991).

. As this court recently determined, the Alabama Rules of Civil Procedure allow for liberal joinder of claims in civil actions in the circuit court, including actions that seek judicial review of administrative agency decisions. Covin v. Alabama Bd. of Examiners in Counseling, 712 So.2d 1103 (Ala.Civ.App.1998).