This is an employee suspension and dismissal case.
The dismissed employee, former Corporal Milton Mills, was suspended from his duties with the Mobile Police Department for thirty days, effective March 21, 1983. It was contended that Mills had violated several regulations of the Mobile County Personnel Board and the Mobile Police Department. After a revocation of the suspension by the grievance committee, the City of Mobile and the Mobile Police Department appealed to the Personnel Board.
Due to a controversy over procedural matters, the Board was enjoined from any further action on the employee's suspension until the procedural matters were resolved.
While the suspension controversy was pending, the employee was terminated for violating certain Personnel Board rules and Police Department regulations. The employee appealed his termination to the Board.
After the circuit court resolved the procedural matters relating to the suspension order, the Board consolidated the two appeals and heard them on May 28, 1985. On June 4, 1985 the Board affirmed Mills's suspension as well as his termination. Mills appealed to the circuit court.
On May 13, 1986 the circuit court reversed the Board's decision on the ground that the decision was not based on substantial evidence. Mills was ordered reinstated. The City and the Board appeal to this court. In brief here, appellants assert that there was substantial evidence in the record to support the Board's decision.
Pursuant to Act No. 470, § 34, 1939 Ala. Acts 298, and Mobile County Personnel Board Rule 14.4, Mills was entitled to appeal his dismissal to the Personnel Board. Rule 14.7 designates his hearing before the Board as de novo and gives the Board the right to modify, rescind, or revoke the Police Department's order. See also, Averyt v. Doyle, 456 So.2d 1096
(Ala.Civ.App. 1984).
Because the Personnel Board hearing is designated as de novo, the Board acts as the trier of fact. Averyt v. Doyle, supra.
Thus, it is the Board's duty to reach a determination with regard to any conflicting testimony. Alabama Department ofPublic Health v. Perkins, 469 So.2d 651 (Ala.Civ.App. 1985). The circuit court, in its review of the Personnel Board order, was thus precluded from substituting its judgment for that of the Board. City of Mobile v. Seals, 471 So.2d 431
(Ala.Civ.App. 1985).
So long as there was substantial legal evidence to support the Board's decision, the circuit court was bound to affirm.Averyt v. City of Mobile Fire Department, 487 So.2d 909
(Ala.Civ.App. 1985), rev'd on other grounds, 487 So.2d 912
(Ala. 1986). We are governed by the same standard; if we conclude that substantial evidence existed to support the Board's decision, we must uphold it. Averyt v. City of Mobile,supra. Substantial evidence is simply categorized as relevant evidence that a reasonable mind would view as sufficient to support a determination. Ex parte Morris, 263 Ala. 664,83 So.2d 717 (1955).
Although there were numerous alleged violations of Personnel Board rules as well as Police Department rules, we need not find substantial legal evidence to support each alleged violation. Belcher v. City Commission, 280 Ala. 252,192 So.2d 454 (1966). So long as there was substantial legal evidence to support even one of the violations, then the Board's order was valid. Belcher, supra.
Our review of the record discloses substantial legal evidence supporting several *Page 22 
of the charges of regulation violations made against Mills, but especially those charges asserting unnecessary use of force in the treatment of persons in custody, failure to obey lawful regulations and orders made by a superior officer, insubordination, sleeping on duty, and unsatisfactory performance of duty.
With regard to instances of insubordination supporting termination, John R. Taylor, warden of the Mobile City Jail during Mills's jail duty assignment, testified that he confronted Corporal Mills about rules restricting him from entering the female housing areas of the prison alone. According to Taylor, Mills responded to Taylor's admonitions against violating these rules by stating that he [Mills] did not have to listen to anyone; that he set his own rules. Taylor further testified that Mills followed very few of Taylor's orders and that, in fact, Mills was defiant and belligerent.
Testimony was also introduced that suggested Corporal Mills was discovered sleeping while on duty in the jail. Although neither of the witnesses at the hearing could state positively that Mills was asleep, their collective testimony as to his "reared-back" position in an office chair and his failure to respond to comments directed to him when he was discovered authorizes the trier of fact to conclude that Mills was asleep on the job.
As this evidence adequately supports Mills's termination under the Belcher, supra, requirements, we examine whether there was substantial legal evidence to support Mills's initial suspension. Our review of the evidence presented indicates that Mills's suspension arose from an incident occurring at the Mystics of Time parade on February 12, 1983. Following the parade incident a charge of physical abuse was made against Corporal Mills. Mills himself testified that he grabbed a parade participant, Dr. James Merig, by the left arm, resulting in a bruise. A doctor's report which was also introduced indicated that Mills's handling of Dr. Merig caused the tricep muscle in his arm to partially rupture. William Mingus, the current Mobile Chief of Police, also testified that Mills kept telling Dr. Merig to hit him and that Mingus had to ask Mills to back off from the situation. Although there is other record evidence which would support further charges, we are of the opinion that this incident alone gave the Board substantial evidence to support an initial suspension based on unnecessary use of force.
For the reasons stated above, we reverse the judgment of the circuit court and remand for entry of judgment affirming the order of the Personnel Board.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.