This is an employee suspension case.
Alphonse Creagh, Sr. (employee) was dismissed from his position as a Corrections Officer with the City of Mobile Police Department for violations of certain policies and rules. The employee then appealed to the Mobile County Personnel Board (Board).
After a de novo hearing the Board modified the penalty imposed and determined that the employee should instead be suspended from active duty without pay for six months. The employee appealed the Board's order to the Circuit Court of Mobile County. After a review of the record, the circuit court affirmed the Board's actions.
The employee now appeals to this court, and we affirm. *Page 699 
The dispositive issue on appeal is whether the Board's order suspending the employee for six months was reasonable and based on substantial legal evidence in support of the charges against him.
At the outset we note that, because the Board hearing is designated as de novo, the Board acts as the trier of facts.Averyt v. Doyle, 456 So.2d 1096 (Ala.Civ.App. 1984). Thus, it is the Board's duty to reach a determination with regard to any conflicting testimony. City of Mobile v. Mills, 500 So.2d 20
(Ala.Civ.App. 1986).
The circuit court in its review of the Board's order is precluded from substituting its judgment for that of the Board.City of Mobile, 500 So.2d 20. As long as there is substantial legal evidence to support the Board's decision, the circuit court is bound to affirm. City of Mobile, 500 So.2d 20.
This court is likewise governed by the same standard as the circuit court; if we conclude that substantial evidence existed to support the Board's decision, we must uphold it. City ofMobile, 500 So.2d 20. Substantial evidence is simply categorized as relevant evidence that a reasonable mind would view as sufficient to support a determination. City of Mobile,500 So.2d 20. We further note that we need not find substantial legal evidence to support each alleged violation. As long as there is substantial legal evidence to support even one of the violations, the Board's order is valid. City of Mobile,500 So.2d 20.
After a careful review of the record before us, we agree with the circuit court that there is substantial legal evidence to support the Board's order.
The record in pertinent part reveals that the employee was charged with violations of Board rules, including (1) conduct unbecoming an employee in the public service, (2) disorderly or immoral conduct, and (3) violation of any reasonable regulation or order made and given by a superior officer.
In support of these charges, testimony was presented before the Board in an effort to show that the employee had engaged in certain conduct which required disciplinary action.
There was testimony from a sixteen-year-old female (minor), alleging certain misconduct by the employee. This minor was not living at home at the time of the alleged incidents and could be deemed a "runaway." She testified that she was living with a woman named Janie, who was also an acquaintance of the employee, and that she (the minor) had seen the employee on several occasions.
The first alleged incident between the employee and the minor occurred at a fastfood restaurant. The minor stated that she was there with Janie when the employee came over to the car and touched her hair and told her that she was pretty and tried to kiss her. The second incident occurred at Janie's house. The minor stated that the employee came to the house and tried to touch and kiss her again. She stated that the employee also pulled up her shirt.
The third incident between the employee and the minor also occurred at Janie's house. This incident was likewise the basis for criminal charges brought against the employee. The minor testified that the employee forcibly raped and sodomized her and held a knife to her throat.
There was also testimony presented to the Board concerning the truthfulness of the minor's testimony. A polygraph examiner testified that he conducted polygraph examinations on both the minor and the employee. It was the examiner's opinion that the minor was not "attempting deception" when questioned specifically about the alleged incidents. Further, it was the examiner's opinion that the employee was "attempting deception" when questioned about the same incidents.
The record also indicates that the examiner testified that it was possible that the minor could have been lying. Further, the examiner noted that not everyone has faith in polygraph examinations.
The record is also clear that the rape and sodomy charges brought against the employee in the criminal action had been dismissed. There the court entered a judgment *Page 700 
of acquittal as the State failed to meet its burden of proof.
We have carefully reviewed the record and find that the evidence is in dispute as to what actually occurred between the employee and the minor. The employee suggests that the minor's testimony must be disregarded in view of what occurred in the criminal proceedings. We disagree.
As noted above, it is the duty of the Board to resolve any such conflicting testimony. City of Mobile, 500 So.2d 20. Furthermore, we also point out that the burden of proof in a criminal proceeding is quite different from the burden of proof in the instant case.
Here, the order of the Board must be based on substantial legal evidence. However, the Board, as a quasi judicial authority, is not bound by the technical rules of evidence, but, rather, is required to seek diligently all the information and evidence bearing on the case. In contrast, the burden of proof in a criminal action, i.e., "beyond a reasonable doubt," is much greater than that required in the instant case. Therefore, it appears to this court that, simply because certain testimony was not sufficient enough to convict a person in a criminal proceeding, it does not necessarily mean it must be disregarded totally in the instant proceedings. As pointed out above, the burden of proof in the two proceedings is quite different.
We also point out that there were other allegations of misconduct, other than the rape and sodomy charges, which the Board could have relied upon in making its determination. The testimony appears to be undisputed that on several occasions the employee was at the house where the minor was living. Further, there is testimony of two separate incidents between the minor and the employee, other than the alleged rape, whereby it is alleged that the employee acted in a manner inconsistent with that of Board policy and rules.
In view of the above, we agree with the circuit court that there is substantial legal evidence to support the Board's order.
This case is due to be affirmed.
AFFIRMED.
INGRAM and ROBERTSON, JJ., concur.