YATES, Judge,
dissenting.
I would uphold Smith’s termination for a criminal act and for conduct unbecoming an employee in the public service, therefore, I respectfully dissent. The trial court and this court in its majority opinion take the position that the order regarding Smith’s termination by the Personnel Board is unreasonable within the meaning of Act No. 470 and consequently vacates the Board’s order.
So long as there was substantial evidence to support the Board’s decision, the circuit court was bound to affirm. City of Mobile v. Mills, 500 So.2d 20 (Aa.Civ.App.1986). We are governed by the same standard. Id. Substantial evidence is relevant evidence that a reasonable mind would view as sufficient to support a determination. Id.
The facts are that Smith worked for the Water Board since 1980. He admitted that he, along with others, burglarized an antique mall in 1989. Smith was arrested and indicted for the felony of third degree burglary. His felony charge was nolle prossed after he *888 agreed to plead guilty to the misdemeanor of third degree receiving stolen property. He was sentenced to one year imprisonment. The sentence was suspended for two years, pending good behavior, and on the condition that he testify in a co-defendant’s trial. He was also required to pay court costs and restitution.
The trial court and the majority of this court find the ruling of the Personnel Board unreasonable. The trial court seemed to base its decision on the fact that the criminal conduct did not occur while Smith was on duty and did not involve Water Board property. The fact remains, however, that Smith committed a criminal act on private property. The Personnel Board had evidence from which they reasonably concluded that this conduct renders him unfit for service with the Water Board, wherein its employees are required to go on private property to install new services and make repairs. I believe the evidence adequately supports Smith’s termination.