The State of Alabama Highway Department (Department) sought review in circuit court of an order of the State Personnel Board (Board) which reinstated Charles Gorman, Jr., to his previous employment with the Department, against the recommendation of the hearing officer to terminate his employment. The trial court found that there was substantial evidence to support the Board's reinstatement of Gorman and it affirmed the Board's decision. The Department appeals.
The trial court's standard of review of the Board's order is to determine whether the judgment of the Board is supported by substantial legal evidence. Creagh v. City ofMobile Police Department, 543 So.2d 698 (Ala.Civ.App. 1989). Substantial evidence is categorized as "relevant evidence that a reasonable mind would view as sufficient to support a determination." Id. at 699. Additionally, unless judicial review is by trial de novo, the Board's order "shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. . . ." Ala. Code 1975, §41-22-20(k). This court's review on appeal is the same as that of the trial court. Creagh, supra.
The Department's first contention on appeal is that the trial court erred in affirming that part of the Board's order which found a violation of Gorman's due process rights. The Board, in its order of reinstatement, refused to follow the hearing officer's finding of a violation of the Constitution of Alabama of 1901, art. IV, § 60, stating that "[i]t would be a violation of due process for the Board to uphold the dismissal for a reason other than that charged by the Highway Director." Art. IV, § 60, states as follows:
 "No person convicted of embezzlement of the public money, bribery, perjury, or other infamous crime, shall be eligible to the legislature, or capable of holding any office of trust or profit in this state." (Emphasis supplied.)
In addition, the Board's order revealed that it relied on Gorman's response to the allegations against him, and his job performance record, in refusing to follow the hearing officer's recommendation.
Procedures before the Board are purely administrative and charges filed with the Board do not require the same technicalities as pleadings in a court of law. Simpson v. VanRyzin, 289 Ala. 22, 265 So.2d 569 (1972). The Board, in the present case, rejected the hearing officer's recommendation. The rules of the Board, which provide for the appointment of a hearing officer to hear the facts and allow him to make conclusions of law, also provide that upon review, "the Personnel Board may affirm, modify, alter, or set aside the hearing officer's findings and/or recommendations." PersonnelBoard of State v. King, 456 So.2d 80, 81 (Ala.Civ.App. 1984). *Page 880 
The record reveals that Gorman received an employment termination letter from the Director of the Department on June 10, 1992, and another letter on July 14, 1992, which the Department considered to be an amended termination letter. The reasons given in the letters for termination of Gorman's employment were as follows:
 "[F]alsifying your Application for Examination with the State of Alabama [contained in the June 10, 1992 letter].
 ". . . for the good of the service and for failing to list certain criminal convictions in the state court of Alabama. . . . Furthermore the felony nature of the crimes of which you were convicted disqualifies you from performing your job duties as Equal Employment Officer [contained in the July 14, 1992 letter]." (Emphasis supplied.)
A hearing was held before a hearing officer on August 12, 1992, at which Gorman was present.
The Board and Gorman state in brief that had a violation of art. IV, § 60, been asserted in the letters to Gorman, an equal protection claim would have been argued at trial. They further state that because this issue was not raised until the hearing officer made his recommendation, Gorman was denied an opportunity to defend, and it was a violation of his due process rights. The Department persuasively argues that the above-quoted provisions clearly notified Gorman of the charges he faced, and, therefore, the letters of June 10 and July 14 were sufficient to allow Gorman to prepare his defense. The letters provided sufficient notice, and, therefore, no violation of Gorman's due process rights occurred in this instance.
The Board, by its order of reinstatement, has shown that it considered the totality of the circumstances in this case. Based on Personnel Board v. King, supra, the Board was not required to accept the recommendation of the hearing officer. Accordingly, while it may have been error for the Board and the trial court to find a due process violation in this case, based upon this court's standard of review, there is substantial legal evidence in the record to support the decision to reinstate Gorman.
The Department next contends that the trial court erred in affirming the Board's order, arguing that the Alabama Constitution and statutes prohibit a convicted felon from holding an "office of trust or profit." The hearing officer's recommendation stated that Gorman's federal conviction is a crime of the same type described in the Constitution of Alabama of 1901, art. IV, § 60, and that the conviction operates as a complete bar to his employment.
The cases which interpret art. IV, § 60, relate to public office and elected officials. State ex rel. Sokira v. Burr,580 So.2d 1340 (Ala. 1991) (relating to a city mayor); Opinion ofthe Justices, 359 So.2d 1155 (Ala. 1978) (relating to the State Treasurer); Alabama State Bar ex rel. Steiner v. Moore,282 Ala. 562, 213 So.2d 404 (1968) (relating to a circuit judge); and Stone v. State ex rel. Freeland, 213 Ala. 130, 104 So. 894
(1925) (relating to a county treasurer). A public office is defined as follows:
 "the right, authority, and duty, created by law, by which for a given period, either fixed by law or enduring at the pleasure of the creating power, an individual is invested with some portion of the sovereign functions of the government, to be exercised by him for the benefit of the public. Constitutionally, the term 'public office' implies an authority to exercise some portion of the sovereign power, either by enacting, executing or administering the laws."
State ex rel. Gray v. King, 395 So.2d 6, 7 (Ala. 1981) (citation omitted).
The Department on appeal argues that Gorman occupied an "office of trust or profit" as Equal Employment Officer. While Gorman's federal conviction may have been of the same type described in art. IV, § 60, Gorman did not hold or occupy an "office of trust or profit." Therefore, art. IV, § 60 does not apply to Gorman in this instance, and it does not bar his present employment.
The Department further contends that the Board's order violates certain personnel rules and, in particular, the statutes governing all public employment. The Department argues that, according to the Board's own rules, the making of a false *Page 881 
statement on an application for employment is a serious offense, and the application form clearly puts the applicant on notice that falsification of information will result in a disqualification for employment with the State.
Ala. Code 1975, § 36-26-39, states in pertinent part as follows:
 "No person shall make any false statement, certificate, mark, rating or report with regard to any test, certification or appointment made under any provision of this chapter or in any manner commit or attempt to commit any fraud preventing the impartial execution of this chapter and the rules."
Ala. Code 1975, § 36-26-47, states as follows:
 "A willful violation of any provision of this article shall be deemed a misdemeanor. Any person who is convicted of a misdemeanor under this article shall, for a period of five years, be ineligible for appointment to or employment in a position in the state service and, if he is an officer or employee of the state, shall forfeit his office or position." (Emphasis supplied.)
The record reveals that Gorman completed an application for employment with the State of Alabama on August 18, 1987. He did not indicate on the application that he had been convicted of any state and/or federal crimes. There is evidence in the record that Gorman had in fact been convicted of certain state and federal crimes prior to completing his application, and that he received a full pardon for the state crimes. While there is no evidence in the record of a pardon for the federal crimes, § 36-26-47 makes it clear that a falsification must be willful. A careful review of the record in this case supports the Board's determination that Gorman did not willfully violate § 36-26-39.
Finally, the Department contends that the trial court erred in failing to take additional evidence of Gorman's intent to deceive at the time he filled out his application, and the Department's reliance on Gorman's lack of convictions in hiring him. The Department argues that Alabama statutes do not require this proof in order to dismiss an employee for falsifying information on an application.
In the present case, the Board and the trial court agreed that Gorman had no intention to deceive his employers at the time he applied with the state. A careful review of the record supports this determination.
Based on this court's standard of review, one must conclude that the trial court did not err in upholding the decision of the Board, and, further, that there was substantial legal evidence to support the Board's findings. Therefore, the judgment of the trial court is hereby affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur in result only.