ROBERTSON, Presiding Judge.
This is an employee suspension case.
Walter Grissett was suspended for five days without pay from his position as a Corrections Officer with the City of Mobile Police Department for violation of Unit Order # 86-016. Unit order # 86-106 provided that all keys were to be secured and logged in at the docket room on the first floor of the jail. Grissett kept his keys in the kitchen cook’s office in violation of the order, and as a result, an inmate procured his keys and escaped.
Grissett appealed his suspension through three steps of grievance proceedings. At the third step of the grievance proceedings, the grievance panel reversed Grissptt’s five-day suspension. The City then appealed to the Mobile County Personnel Board (Board).
After a de novo hearing, the Board found that Grissett’s suspension was warranted, and reinstated the five-day suspension. Grissett appealed the Board’s order to the Circuit Court of Mobile County, which reversed the Board’s actions. The City appeals to this court.
The sole issue on appeal is whether the Board’s order and findings were supported by substantial legal evidence.
At the outset we note that the Board hearing is de novo, and as such the Board acts as the trier of facts. Averyt v. Doyle, 456 So.2d 1096 (Ala.Civ.App.1984). Thus, it is the Board’s duty to reach a determination with regard to any conflicting testimony. City of Mobile v. Mills, 500 So.2d 20 (Ala.Civ.App.1986).
The circuit court’s standard of review is limited to a review of the record before the Board and the questions of law presented thereto. Board of Water and Sewer Commissioners v. Smith, 591 So.2d 521 (Ala.Civ.App.1991). The circuit court is precluded from judging the wisdom of the decision of the Board. Creagh v. City of Mobile Police Department, 543 So.2d 698 (Ala.Civ.App.1989). As long as there is substantial legal evidence to support the Board’s decision, the circuit court is bound to affirmCity of Mobile, 500 So.2d 20. Substantial *750 evidence is relevant evidence that a reasonable mind would view as sufficient to support a determination. City of Mobile. “This court is likewise governed by the same standard as the circuit court; if we conclude that substantial evidence existed to support the Board’s decision, we must uphold it.” Creagh, 543 So.2d at 699 (citation omitted).
The first witness to testify at the Board hearing was Lieutenant Michael Barton, who conducted the investigation of the escape. He testified that Grissett’s locking the keys in the kitchen cook’s desk was a violation of Unit Order #86-016 and as a direct result, an inmate escaped from jail. When asked if the employee was aware of Unit Order # 86-016, he stated: “To the best of my recollection, he said that he was aware of it. I don’t have a statement.” On cross examination, Barton admitted that there was no log book maintained in the docket room and that Grissett left the keys where he had been instructed to by his superior, Raymond Smith. Barton further admitted that Unit Order #86-016 was not generally followed or enforced.
Chief of Police, Harold Johnson, was the only other witness to testify at the Board hearing. He testified that as a result of the investigation of the escape, several individuals were found to be in violation of regulations and were disciplined. On cross examination, Chief Johnson admitted that he was aware that Grissett’s superior had approved the location for the storage of Grissett’s keys. However, Chief Johnson stated that an officer was not bound by any order from a superior that the officer knew was a violation of department rules and regulations.
Our review of the record reveals that there was not substantial evidence to support the Board’s decision. The unit order that Gris-sett was alleged to have violated was not enforced. Also, Grissett was authorized by his superior to keep the keys in the cook’s desk. These two facts, when taken in conjunction with Chief Johnson’s testimony that officers are not bound by orders that are known violations, indicates that in order to be in violation of the rule, there would have to be proof that the employee had knowledge of the order. Barton’s assertion that “to the best of his recollection” Grissett was aware of the order was not sufficient to illustrate that Grissett was in fact aware of the order. Therefore, we find that there was not substantial evidence to support the Board’s ruling. Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
THIGPEN and YATES, JJ., concur.