YATES, Judge.
On December 17, 1992, the State Department of Revenue terminated Rebecca Wells from her employment as chief of the budget and administration division. After an investigation, the Department found that Wells had made unauthorized disclosures of confidential taxpayer information to various officials outside the Department, in violation of the Department’s “Standards of Conduct.”
Wells appealed the Department’s decision to the State Personnel Board. A hearing was held, dining which the parties presented substantial oral testimony from numerous witnesses. The hearing officer concluded that several statutes and Department regulations regarding disclosure of taxpayer information were in conflict, creating uncertainty as to what information an employee could reveal. He found that the Department “was not justified in terminating [Wells]” and recommended “that the action of the appointing authority in terminating [Wells] be reversed.” The Board, however, entered an order contrary to the recommendation of the hearing officer, concluding as a matter of law that “the dismissal charge ... is supported by the evidence and ... the termination is warranted.” It found that the Department’s Standards of Conduct were “clear and consistent” and not in conflict with related statutes.
Wells petitioned for rehearing, which the Board denied. From that order, Wells appealed to the circuit court. The Alabama State Employees’ Association, in the interim, requested and was allowed to intervene on Wells’s behalf. Thereafter, the circuit court reversed the Board’s decision, ordering the Department to reinstate Wells to her former position, with all benefits, including back pay, annual pay, sick pay, and retirement time.
The Department appeals, contending: (1) that there was sufficient evidence before the trial court to uphold the Board’s decision; (2) that the trial court substituted its judgment for that of the Board and thereby erred; (3) that the Department’s confidentiality policy is neither overbroad nor vague and does not *168 conflict with confidentiality statutes; and (4) that Wells does not have a right under the First Amendment to the United States Constitution to disclose confidential taxpayer information.
In reviewing a judgment of the Board, the trial court must determine whether the judgment is supported by substantial legal evidence. State Hwy. Dep’t v. State Personnel Bd., 628 So.2d 878 (Ala.Civ.App. 1998). Further,
“[Ujnless judicial review is by trial de novo, the Board’s order ‘shall be taken as prima facie just and reasonable and the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact_’ Ala. Code 1975, § 41-22-20(k). This court’s review on appeal is the same as that of the trial court.”
Id., at 879.
However, where, as here, the facts are undisputed and the Board adopts the hearing officer’s findings of fact, but decides as a matter of law that the hearing officer’s recommendation is incorrect, no such presumption attaches to the Board’s decision. “The court may reverse or modify the decision or grant other appropriate relief from the agency action ... if substantial rights of the petitioner have been prejudiced because the agency action is ... (5) Affected by other error of law.” § 41-22-20(k), Ala.Code 1975. See Alabama Public Service Commission v. C.I.M. Trucking, Inc., 585 So.2d 1343 (Ala.1991).
The Department’s contentions that it presented substantial evidence to mandate affirmance of the Board’s order and that the trial court substituted its judgment for that of the Board is misplaced. We find no error in the trial court’s judgment. The facts were not in dispute, and the trial court correctly concluded that the Department’s Standards of Conduct conflicted with § 40-1-33, Ala. Code 1975.
The Standards of Conduct provide, in pertinent part:
“Information on tax returns and the documents accompanying the tax returns is confidential....
“Employees may not disclose, except as provided, any information contained in any tax return, schedule, or other statement designed to supplement or to become a part of a tax return.”
The Standards of Conduct also refer to § 36-25-8, Ala.Code 1975, which states:
“No public official or employee shall use or disclose confidential information gained in the course of or by reason of his position or employment in any way that could result in financial gain other than his regular salary as such state officer for himself, his family or for any other person.”[1]
Section 40-1-33(a), Ala.Code 1975 (repealed), on the other hand, allowed disclosure of confidential taxpayer information in certain instances.[2] It stated, in pertinent part:
“All tax returns, financial statements and information secured by the department of revenue officials or employees thereof for the purpose of arriving at the amount of any tax administered by the department of revenue shall be kept under lock and key by the department of revenue, and any official or employee of the department of revenue or any other individual who shall divulge the contents or permit the examination thereof except for (1) the purpose of properly administering the tax laws of this state, ... or (⅝) for the information of the legislature shall have committed a Class A misdemeanor and additionally, shall thereafter be ineligible to be an employee or agent of the department of revenue_”
(Emphasis added.) On September 15, 1992, Wells received information indicating that the Department had received two checks, totalling approximately $12 million, from a family estate. Aware of the importance of the receipt of such a large sum of money, *169 Wells disclosed the family’s name and the amount of the checks to three officials who did not work within the Department: (1) Roderick Benton, executive assistant to the director of the Department of Finance, (2) Robert Childree, comptroller of the currency, and (3) Joyce Bigbee, director of the Legislative Fiscal Office. The disclosure violated the following provision in the Standards of Conduct: “Employees may not disclose, except as provided, any information contained in any tax return....” However, it did not violate § 40-l-33(a). That section allows disclosure of tax information “for the purpose of properly administering the tax laws of this state” and “for the information of the legislature.” The Commissioner of the Department wrote the family’s attorney:
“I want to advise you that it has in the past been the duty of [Wells] to advise personnel who work in the Finance Department and the Legislature of the receipt of any unusually large tax payments. This is necessary in order that the proper adjustments can be made in the administration and processing of tax payments.”
Bigbee stated by affidavit that the State’s general fund had been in proration for the past two years, that proration had been declared for the fiscal year beginning October 1992, and that her office had requested the Department to “keep the Legislature, through this office, informed as to the deposit of revenue, especially as to any deposits outside the normal course of business such as audit settlements or one-time deposits.”
We agree with the trial court that Wells acted pursuant to § 40-1-33, Ala.Code 1975. “[I]t is well settled that the provisions of a statute will prevail in any ease of conflict between the statute and an agency regulation.” West Point Pepperell, Inc. v. State Dep’t of Revenue, 624 So.2d 579, 581 (Ala.Civ.App.1992), cert. quashed, 624 So.2d 582 (Ala.1993).
The Department’s own policies were unclear as to what information a Department employee could reveal to officials outside the Department. The Standards of Conduct declare that “information on tax returns and the documents accompanying the tax returns is confidential.” However, Department policy, at the time Wells made the disclosures, apparently allowed disclosure of the tax amount, but not the taxpayer’s name.
Several Department officials testified that they were unsure as to what information Wells could disclose. Wells testified that she was never told what she could or could not disclose to officials outside the Department. Her job description stated that she “closely coordinates with the State Treasurer and State Comptroller on cash management activities” and that she had extensive contact with those offices, as well as with the Finance Department and the Legislative Fiscal Office. The trial court stated in its order:
“If other Department of Revenue officials, including the Commissioner, are confused as to what is a proper disclosure of information, it is clearly arbitrary to punish Ms. Wells for the same lack of understanding. With no rule to guide her except the Standards of Conduct, which declare all tax information confidential, it is arbitrary for the Department to now declare that it was permissible for her to disclose some information but fire her for disclosing other information.”
Section 41-22-20(k)(7), Ala.Code 1975, provides that a court may reverse an agency action that prejudices substantial rights of the petitioner because it is “Unreasonable, arbitrary, or capricious, or characterized by an abuse of discretion or a clearly unwarranted exercise of discretion.”
Based on the foregoing, we affirm the judgment of the trial court; we pretermit discussion of the other issues raised.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.

. It is undisputed that Wells did not make the disclosures for financial gain. Her action, therefore, did not violate § 36-25-8, Ala.Code 1975.

. § 40-1-33, Ala.Code 1975 was repealed by Acts 1992, Act No. 92-186, § 80, effective October 1, 1992. The disclosures took place on September 15, 1992, and are, therefore, governed by this statute.