This is an employee dismissal case. Rex M. Henderson was dismissed from his duties *Page 10 
as a detective with the Montgomery Police Department on August 4, 1992, for violating the Department's Manual of Rules andRegulations, Article 1, § 1.330, "Duties of Responsible Employment," and § 1.200, "Duty to Obey." Specifically, Henderson was charged with solicitation and illegal profiting from his alleged participation in the Florida lottery while on duty and failing to discontinue his involvement after being ordered to do so by his superior.
Henderson appealed his dismissal to both the mayor and the Montgomery City-County Personnel Board; after a formal hearing, the Board affirmed the Department's determination. Henderson then sought review by petition to the circuit court for a writ of certiorari, alleging that the disciplinary action was not supported by sufficient evidence and that Act No. 71-2280, Ala. Acts 1971, was "unconstitutional in that it would deny [Henderson] the equal protection of the law in violation of the [United States Constitution and the Alabama] constitution."
After a hearing on September 25, 1995, the court dismissed Henderson's petition, holding that Act No. 71-2280 prevented Henderson from seeking review of the Board's decision. That Act states, in part: "The findings and order of the Personnel Board shall be final and conclusive and shall not be reviewable in any court." The court noted that it had, however, reviewed the record and determined that there was substantial evidence to support the Board's decision. The court further held that Henderson's substantive and due process claims were without merit and that any constitutional challenge of Act No. 71-2280 was rejected because "the record does not disclose that the Attorney General has been notified of the pendency of said challenge."
Henderson appeals, presenting these issues for our review: whether the court correctly determined that there was sufficient evidence to support his dismissal; and whether the court erred in its interpretation of Act No. 71-2280, holding that there is no judicial review of decisions of the Montgomery City-County Personnel Board.
At the outset, we note that the circuit court properly utilized the common law writ of certiorari to review the Board's decision. Personnel Bd. of Jefferson County v. Bailey,475 So.2d 863 (Ala.Civ.App. 1985). Further, the trial court is limited in its review to the evidence and the questions of law presented to the Board and must, therefore, sustain the judgment of the Board if there is substantial evidence to support its finding. Board of Water Sewer Comm'rs v. Smith,591 So.2d 521 (Ala.Civ.App. 1991). The trial court properly applied the standard of review.
After carefully reviewing the record and the arguments submitted by counsel, we conclude that the court ruled correctly. A detailed recitation of the facts is unnecessary. Henderson testified that he had participated in the Florida lottery by distributing lottery playing cards to, and collecting money from, his co-workers while he was on duty. After he was told by his superior to discontinue this activity, an internal investigation proved through surveillance that several months later Henderson was still engaging in similar acts throughout the city during his official duty time. We, therefore, conclude, as did the trial court, that there was "substantial evidence" to support the Board's decision. SeeCity of Mobile v. Mills, 500 So.2d 20 (Ala.Civ.App. 1986),Creagh v. City of Mobile Police Dep't, 543 So.2d 698
(Ala.Civ.App. 1989).
In addition, we agree with the court's determination that a review of Montgomery City-County Personnel Board decisions is proscribed by Act No. 71-2280. While we recognize that the legislature may limit, restrict, or abolish appeals, nevertheless, the right of certiorari review is not affected by any appeal provision of the act, and by certiorari a limited review is available. Ex parte Bracken, 263 Ala. 402,82 So.2d 629 (1955), citing Constitution 1901, § 140; Woodward Iron Co.v. Bradford, 206 Ala. 447, 90 So. 803 (1921). Moreover, we note that while a due process challenge may have been asserted before the trial court, the attorney general was not notified of the constitutional challenge until Henderson filed his motion for a new trial. We, therefore, are precluded from considering the constitutionality *Page 11 
of Act No. 71-2280. Section 6-6-227, Ala. Code 1975, states:
 "In any proceeding which involves the validity of a municipal ordinance, or franchise, such municipality shall be made a party and shall be entitled to be heard; and if the statute, ordinance, or franchise is alleged to be unconstitutional, the Attorney General of the state shall also be served with a copy of the proceeding and be entitled to be heard."
See also, Tucker v. Personnel Board of the City of Dothan,644 So.2d 8, 9 (Ala.Civ.App. 1994), in which we stated:
 "If the party challenging the constitutionality of a statute fails to serve the attorney general, as required . . . the trial court has no jurisdiction to decide the constitutional claims. Furthermore, our Supreme Court has held 'that failure to serve the attorney general "goes to the jurisdiction of the court," that the "absence of jurisdiction is apparent on the face of the record," and that we must take notice of our own want of jurisdiction' and dismiss the appeal."
(Citation omitted.) Further, constitutional issues involving statutes or regulations, raised for the first time in a motion for a new trial, will not be considered on appeal. Hicks v.Huggins, 405 So.2d 1324 (Ala.Civ.App. 1981). The judgment is affirmed.
AFFIRMED.
THIGPEN, J., concurs.
CRAWLEY, J., concurs in the result.
ROBERTSON, P.J., and MONROE, J., dissent.